**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BERNARD WAITHAKA; on behalf of himself and all others similarly situated, | : : : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : : | |
| v. | : : | |
| AMAZON.COM, INC., AMAZON LOGISTICS, INC., | : : : | |
| Defendant. | : : | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (together, "Amazon" or "Defendants") hereby remove this action from the Superior Court of the Commonwealth of Massachusetts, Worcester County, to the United States District Court for the District of Massachusetts. This Court has original subject matter jurisdiction over the lawsuit of plaintiff Bernard Waithaka ("Plaintiff") under the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Amazon, the number of proposed class members exceeds 100 individuals, and the amount in controversy exceeds $5 million in the aggregate.

**I.   PRELIMINARY STATEMENT**

1.     On or about August 28, 2017, Plaintiff Bernard Waithaka ("Plaintiff") commenced this action against Defendants by filing a Complaint in the Worcester County Superior Court for the Commonwealth of Massachusetts, captioned *Bernard Waithaka, on behalf of himself and all others similarly situated v. Amazon.com, Inc. and Amazon Logistics, Inc*., No. 1785-CV-01403D. A true and correct copy of the Complaint ("Compl.") together with all process filed with the

Worcester Superior Court in the state court action is attached as <u>Exhibit</u> <u>A</u>.

2.      Plaintiff's Complaint does not allege the amount of alleged damages sought on behalf of Plaintiff or the putative class.  Notwithstanding Plaintiff's attempt to avoid this Court's jurisdiction, Amazon timely removed this action to this Court on October 29, 2017, pursuant to CAFA and traditional diversity jurisdiction, 18 U.S.C. § 1332(a).  *See Waithaka v. Amazon.com, et al.*, No. 4:17-cv-40141 (D. Mass. Nov. 15, 2017) ("*Waithaka*"), Dkt. No. 1.  On August 28, 2018, the Court remanded this case after declining to adopt the common fund method for determining the amount in controversy attributable to the statutory attorneys' fees sought in the Complaint.  *See id.*, Dkt. No. 29.  As described below, the amount in controversy under CAFA is now met without taking *any* attorneys' fees into account, and therefore the lone jurisdictional hurdle identified by the Court no longer applies.

3.      Since Amazon filed its initial Notice of Removal over 10 months ago, the facts and circumstances supporting the Court's jurisdiction over Plaintiff's Complaint have changed significantly, giving Amazon new grounds for removal.  Specifically, the number of independent contractors who have provided delivery services through the Amazon Flex program in Massachusetts increased more than threefold between October 2017 and the present.  *See* Declaration of Peter Nickerson ("Nickerson Decl."), ¶¶ 7-8.  As the size of the putative class has swelled, so too has each category of damages alleged in the Complaint.  Consequently, **<u>as of the date of this Notice, the amount in controversy is over $19,110,00 million,</u>** ***<u>exclusive of attorneys' fees</u>***.

4.      Under well-settled First Circuit law, Amazon is entitled to remove this action based on the new grounds and information described herein.  *See, e.g., Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72-74 (1st Cir. 2014) (reversing district court's order remanding second notice of

removal after holding that new developments concerning alleged class-wide damages provided grounds for jurisdiction under CAFA); *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 53 (1st Cir. 2009) ("Successive attempts at removal are permissible where the grounds for removal become apparent only later in the litigation."); *Fed. Deposit Ins. Corp. v. Santiago*, 598 F.2d 634, 636 (1st Cir. 1979) ("[A] defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a [n]ew and [d]ifferent ground for removal."); *Baker v. Equity Residential Mgmt., L.L.C.*, No. 18-11175-PBS, 2018 WL 3637501, at *1 (D. Mass. July 31, 2018) (denying motion to remand defendant's second removal under CAFA after case was initially remanded on the grounds that defendant had not demonstrated that the amount in controversy exceeded $5 million); *Arrigo v. Scholarship Storage, Inc.*, No. 10-11650-MLW, 2011 WL 3584715, at *6 (D. Mass. Aug. 10, 2011) ("Where 'subsequent pleadings, conduct by the parties, or various other circumstances bring a case that previously was not removable within the jurisdiction of the federal courts, a timely second notice of removal is permissible and may succeed.'" (quoting 14C Charles A. Wright, et al., *Federal Practice & Procedure* § 3739 (4th ed. 2009))); *see also Sloan v. Soul Circus, Inc.*, No. 15-01389 (RC), 2015 WL 9272838, at *5 n.5 (D.D.C. Dec. 18, 2015) ("'[U]nder CAFA, class actions may be removed at *any* point during the pendency of the litigation in state court, so long as removal is initiated within thirty days after the defendant is put on notice that a case which was not removable based on the face of the complaint has become removable'") (quoting *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 14-17 (11th Cir. 2014)); 28 U.S.C. §1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."), §1446(c)(3)(A).

II.     **FACTUAL BACKGROUND**

5.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of class actions.  *See* 28 U.S.C. § 1453.

6.     The earliest date on which Plaintiff served a copy of the Complaint on either Defendant was September 29, 2017.

7.     Plaintiff purports to bring and maintain this action as a class action under Mass. R. Civ. P. 23 and Mass. Gen. Laws ch. 149 § 150.  Compl. ¶ 2, p. 5.

8.     Plaintiff seeks to represent and certify the following class: "[I]ndividuals who have worked as delivery drivers for [Defendants] in the Commonwealth of Massachusetts and have been classified as independent contractors."  Compl. ¶ 1.[1]

9.     Plaintiff seeks to recover "all damages due to the Plaintiff and other class members because of their misclassification as independent contractors and related wage law violations," including unpaid wages and unreimbursed business expenses, statutory trebling of damages, attorneys' fees and costs and injunctive relief for claims allegedly arising from Defendants' purported misclassification of putative class members under the Massachusetts Independent Contractor Law, Mass. Gen. Laws ch. 149 § 148B; Defendants' purported failure to reimburse class members' business expenses under Mass. Gen. Laws ch. 149 §§ 148, 150; and purported failure to pay class members all wages owed and the Massachusetts minimum wage under Mass. Gen. Laws ch. 149 § 150 and Mass. Gen. Laws ch. 151 §§ 1, 7.  *See generally* Compl.  Therefore, for the purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

---

[1] Defendants do not concede, and reserve the right to contest, *inter alia*, Plaintiff's allegation that this lawsuit may properly proceed as a class action.  Amazon also reserves its right to compel arbitration of Plaintiff's claims.

III.     **REMOVAL IS PROCEDURALLY PROPER.**

10.     Amazon timely filed its first notice of removal on October 29, 2017.  Looking only at the circumstances that existed as of that date, this Court held that the amount in controversy was insufficient to establish jurisdiction under CAFA.  The Court based that holding on its adoption of the lodestar, rather than the common fund, method of calculating the attorneys' fees at issue.  This Court entered an order remanding the case to state court on August 28, 2018.  Amazon now timely files this notice of removal.  The circumstances have changed significantly since the prior notice of removal.  Those circumstances and/or this Court's order now make clear that CAFA's amount-in-controversy requirement is satisfied without regard to the calculation of attorneys' fees and make possible the removal of this civil action.  Thus, under the framework set forth in this Court's remand decision and CAFA, the amount-in-controversy requirement is satisfied and removal is proper.  *See* 28 U.S.C. §§ 1441(a), 1446(b, c); *see also* Sections IV & V *infra*.

IV.     **THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005.**

11.     The Supreme Court recently clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

12.     This Court has jurisdiction over this matter pursuant to CAFA.  *See* 28 U.S.C. §§ 1332(d), 1453.  Under CAFA, District Courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," (28 U.S.C. § 1332(d)(2)(A)); (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100 (28 U.S.C. § 1332(d)(5)(B)); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (28 U.S.C. § 1332(d)(2)).  All CAFA requirements are satisfied in this case.  Further, no exception to the

exercise of federal jurisdiction applies.  *See, e.g.*, U.S.C. § 1332(d)(4)(A)-(B).  Therefore, removal

is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A.   Diversity of Citizenship Exists.

13.   To satisfy CAFA's diversity requirement, a party seeking removal need only show

that minimal diversity exists—that is, that one putative class member is a citizen of a state different

from that of one defendant.  28 U.S.C. § 1332(d)(2); *Lenahan v. Dick's Sporting Goods, Inc*., No.

10-11832-RGS, 2010 WL 5092254, at *1 (D. Mass. Dec. 8, 2010).

### 1.   *Plaintiff is a citizen of Massachusetts.*

14.   Plaintiff Bernard Waithaka was at the time of the commencement of this action a

resident and citizen of the Commonwealth of Massachusetts.  Compl. ¶ 3.

### 2.   *Neither Defendant is a citizen of Massachusetts.*

15.   Defendant Amazon.com, Inc. was at the time of the commencement of this action,

and is now, a Delaware corporation, headquartered in Seattle, Washington.  Compl. ¶ 4.

16.   Defendant Amazon Logistics, Inc. was at the time of the commencement of this

action, and is now, a Delaware corporation, headquartered in Seattle, Washington.  Compl. ¶ 5.

17.   As a result, Defendants are now, and were at the time of the filing of this action,

citizens and/or residents of the State of Washington and Delaware within the meaning of the Acts

of Congress relating to the removal of class actions.  *See McCarthy v. Bank of N.Y./Mellon,* No.

10-10486-GAO, 2010 WL 2144241, at *1 (D. Mass. May 27, 2010) (citing *Hertz Corp. v. Friend*,

559 U.S. 77, 92 (2010)).  Thus, Defendants are citizens of Washington and Delaware for diversity

purposes under CAFA.  *See* 28 U.S.C. § 1332(d)(10).

18.   Accordingly, there is diversity of citizenship pursuant to CAFA because a member

of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

      **B.**    **The Proposed Class Consists of At Least 100 Proposed Class Members.**

19.    The second jurisdictional requirement under CAFA is that the number of members of all proposed plaintiff classes in the aggregate is more than 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

20.    The Complaint alleges claims on behalf of Plaintiff and a putative class of similarly situated individuals in Massachusetts.  Compl. ¶ 1.

21.    During the Class Period (as defined below), over 100 individuals, including Plaintiff, performed delivery services for Amazon in the Commonwealth of Massachusetts and were classified as independent contractors.  *See* Nickerson Decl. ¶¶ 7-8.  As the number of members of the proposed putative class exceeds 100, the second jurisdictional requirement under CAFA is met.  *See* 28 U.S.C. § 1332(d)(5)(B).

      **C.**    **The Amount In Controversy Requirement Is Satisfied[2]**

22.    As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at 554.

23.    CAFA provides for the aggregation of the claims of the individual members in a class action to determine if the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d)(6).

24.    In addition, Congress intended for federal jurisdiction to attach under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' reference to specific damages amounts and their citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or the putative class he claims to represent. Defendants specifically deny that Plaintiff has suffered any damage as a result of any act or omission by Defendants. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42 (1st Sess. 2005).

25.    Where, as here, the plaintiff does not expressly plead a specific amount of damages, a defendant must only show a reasonable probability that the amount in controversy exceeds $5 million.  *See Sierra v. Progressive Direct Ins. Co.*, No. 12–30020–FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012). Plaintiff's likelihood of success on the merits is irrelevant to determining the court's jurisdiction because "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009) (quoting *Amoche*, 556 F.3d at 51). Because "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra*, 2012 WL 4572923, at *2 (internal citations omitted).  In determining whether the removing defendant has met its burden, courts look first to the plaintiff's complaint and then to the defendant's petition for removal.  *See Williams v. Am. Honda Fin. Corp.*, No. 14-12859-LTS, 2014 WL 5494914, at *3 (D. Mass. Oct. 30, 2014).

26.     "In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (citing *Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004)). Thus, where the statute at issue includes both a damage multiplier and the awarding of attorneys' fees, the "court must apply [those] factor[s] in evaluating the amount in controversy." *Id.* (internal citations omitted).

27.    Further, CAFA's legislative history makes clear that doubts regarding the

maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *43 (1st Sess. 2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

28.     While Amazon denies Plaintiff's claims and denies that Plaintiff or the putative class members he purports to represent are entitled to the relief for which he has prayed, it is clear that, when the potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within the Complaint "more likely than not" put into controversy an amount in excess of $5 million.

### 1.     *Information Relevant to Amounts at Issue.*

29.     Plaintiff's Complaint does not define the class period, but the statute of limitations for Plaintiff's claims stemming from his alleged misclassification as an independent contractor is three years. *See* Mass. Gen. Laws ch. 149, § 150.

30.     Plaintiff filed the Complaint on or around August 28, 2017. Thus, the class period for purposes of establishing jurisdiction under CAFA would be August 28, 2014 through the conclusion of this action (the "Class Period").

31.     According to Amazon's data, over 8,000 putative class members have driven, in the aggregate, over 9,200,000 miles to deliver packages to Amazon customers through August 26, 2018. *See* Nickerson Decl. ¶¶ 8, 12. The number of aggregate miles driven by putative class members as of the date of this Notice of Removal is over six times larger than in October 2017, when the prior notice of removal was filed. *See id.* ¶¶ 11-12.

32.     The Complaint alleges that Plaintiff used the applicable Internal Revenue Service

(IRS) reimbursement rate to calculate alleged unreimbursed vehicle expenses.  Compl. ¶ 10.  In 2017, the IRS rate was $0.535 per mile.  *See* IRS Standard Mileage Rates, http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates (last visited Sept. 7, 2018), attached hereto as Exhibit B.  In 2016, the IRS rate was $0.54 per mile.  *Id.*

33.      On January 1, 2018, the IRS rate increased to $0.545 per mile.  *Id.*

34.      Through August 26, 2018, the putative class members have contracted to provide delivery services for more than 840,000 block hours.  *See* Nickerson Decl. ¶ 10.[3]  The number of aggregate block hours in which members of the putative class contracted to provide delivery services is over three times larger than in October 2017.  *See id.* ¶¶ 9-10.

35.      Massachusetts' minimum wage has been $11.00 per hour since January 1, 2017.  *See* Mass. Gen. Laws ch. 151, § 1. Massachusetts' minimum wage was $10.00 per hour from January 1, 2016 through December 31, 2016.  *Id.*

**2.      *Calculation of Plaintiff's Claimed Damages.***

36.      The Complaint alleges that because Plaintiff and the other putative class members were classified as independent contractors rather than as employees, they have incurred unreimbursed expenses for, among other things, maintaining their vehicles, gas, phone, phone data, and other expenses.  Compl. ¶ 9.

37.      The Complaint alleges that Plaintiff used the applicable IRS reimbursement rate to calculate alleged unreimbursed expenses for operating a vehicle.  Compl. ¶ 10.

38.      For purposes of this Notice of Removal only, Amazon's calculations assume that

---

[3] Amazon pays Service Fees per block that vary depending on circumstances, including geography and whether "surge" pricing is in effect because of weather or special events increasing demand.  Declaration of Kyle Bowers ("Bowers Decl."), ¶ 6.  Amazon generally pays Service Fees per block that roughly equate to a rate of between $18 and $25 per hour, multiplied accordingly by the anticipated duration of block (*e.g.*, a "two-hour" block would receive at least $36).  *Id.* at ¶ 7.  Delivery blocks run as short as one hour and may exceed four hours.  In the event Plaintiff completed a "block" of deliveries in less time than estimated, he would still be paid for the full block.  *Id.* at ¶ 8.

putative class members incurred vehicle expenses based on the IRS reimbursement rate of $0.54 for delivery services in 2016, $0.535 for delivery services in 2017, and $0.545 for delivery services in 2018.  Based on delivery addresses, the estimated mileage for the putative class now exceeds 9,200,000.  *See* Nickerson Decl. ¶ 12.  Under these assumptions, the total unpaid mileage expenses for the putative class would exceed $4,900,000.  *Id*. ¶ 14.  When trebled under Mass. Gen. Laws ch. 149, § 150, the amount in controversy with respect to alleged unpaid mileage expenditures significantly **exceeds $14,700,000** ($4,900,000 trebled totals $14,700,000). *See Lucas*, 973 F. Supp. 2d at 101 (recognizing that Court should include multiple damages in calculating amount in controversy); *see also* Compl. at p. 5 (requesting treble damages).  **This amount alone, the calculation of which Plaintiff does not dispute, satisfies the amount in controversy under CAFA.**

39.     During the Class Period, Amazon's U.S.-based employees have been eligible to receive $50 per month as reimbursement for cell phone expenses.[4]  *See* Declaration of Elizabeth M. Bresnahan, Ex. 1. For purposes of this Notice of Removal only, Amazon's calculations assume the following rate of reimbursement for any month in which a putative class member contracted and received Service Fees for a block: $50 per month for any month in which a class member contracted for more than 80 block hours; $25 per month for any month in which a class member contracted for more than 40 block hours; $12.50 per month for any month in which a class member contracted for up to 40 block hours. *See* Nickerson Decl. ¶ 16.  These are conservative assumptions because Amazon's policy for reimbursing U.S.-based employees for cell phone expenses does not cap the reimbursement amount based on the number of hours

---

[4] Reference to this policy is for purposes of calculating the amount in controversy only and shall not constitute an admission that the policy applies to Plaintiff or any members of the putative class.

worked per month.  Indeed, this Court accepted Amazon's alternative (and higher) calculation of cell phone data reimbursement, finding "calculations based on established company policy will suffice in the absence of extensive fact finding." *Waithaka*, Dkt. No. 29 at p. 3 (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4-5 (1st Cir. 2001) (holding a determination of removal should be done "quickly, without an extensive fact-finding inquiry.")).

40.     There are over 25,000 aggregate work months in the Class Period through August 26, 2018.  *See* Nickerson Decl. ¶ 8.  The number of aggregate work months is over three times larger than in October 2017.  *See id*. ¶¶ 7-8.

41.     Applying the assumptions above in Paragraphs 39 and 40 with respect to reimbursement of cell phone data, the amount placed at issue by Plaintiff relating to the putative class members' unpaid phone data expenses exceeds $475,000.  *See* Nickerson Decl. ¶ 17.  When trebled under Mass. Gen. Laws ch. 149, § 150, the amount in controversy as to alleged unpaid phone data expenses **exceeds $1,425,000** (over $475,000 trebled totals **$1,425,000**).

42.     Plaintiff also alleges that Amazon violated the Wage Act, Mass. Gen. Laws ch. 151, §§ 1,7 by failing to pay Plaintiff and other drivers the minimum wage of $11.00 required under Massachusetts law.  *See* Compl. ¶ 2.  Plaintiff specifically alleges that he earned nearly three dollars less than the minimum wage "after subtracting mileage at the standard IRS reimbursement rate." *Id.* at ¶ 10. [5]

43.     The putative class members have performed delivery services for more than 840,000 hours.  *See* Nickerson Decl. ¶ 10.  Under these assumptions, the amount placed at issue by Plaintiff relating to the putative class members' claims for unpaid minimum wage damages

---

[5] Plaintiff's allegations concerning damages related to tips, Compl. ¶ 10, does not change this analysis.  While Amazon is not aware of tips received by Plaintiff, any damages associated with alleged tips would increase the amount in controversy at issue.

exceeds $410,000 based on delivery data.  *See id.* ¶ 20.  When trebled under Mass. Gen. Laws ch. 151, § 20, the amount in controversy as to the putative class members' alleged unpaid minimum wage damages **exceeds $1,230,000**.

44.     Plaintiff also alleges Amazon violated the Wage Act, Mass. Gen. Laws ch. 151, §§ 1,7 by not paying Plaintiff and the putative class members for all hours worked between the end of their scheduled shifts and their last delivery (*i.e.*, alleged unpaid wages).  *See, e.g.*, Compl. ¶¶ 2, 11 (alleging that "it often takes drivers more time to complete their scheduled shifts, but drivers do not receive additional compensation for this extra time"), ¶ 12 ("Not only is this unpaid time a violation of Massachusetts state law, but this unpaid time also further pushes the drivers' wages below minimum wage.").

45.     The estimated amount of alleged unpaid wages is over $585,000 for the putative class members based on delivery data.  *See* Nickerson Decl. ¶ 22.  When trebled under Mass. Gen. Laws ch. 151, § 20, the amount in controversy as to Plaintiff's alleged unpaid wage claims on behalf of the putative class **exceeds $1,755,000**.   This amount is in addition to the amounts described in Paragraph 43 regarding alleged minimum wage damages.

46.     Thus, the total amount placed in controversy by Plaintiff's claims on behalf of the putative class, *not including attorneys' fees*, exceeds $19,110,000.

### 3.     *Attorneys' Fees in Controversy*

47.     Where the statute provides for the recovery of attorneys' fees, such fees must be considered in calculating the amount in controversy.  *See Lucas*, 973 F. Supp. 2d at 101; *see also* Compl. at p. 5 (requesting attorneys' fees).

48.     Courts have routinely used the common fund method to determine the amount in controversy for purposes of removal under CAFA.  *See Pazol v. Tough Mudder Inc.,* 819 F.3d 548,

553 (1st Cir. 2016) (adopting estimate of 33% attorneys' fees for purposes of determining amount in controversy under CAFA); *Fields v. Sony Corp. of Am.*, No. 13-6520, 2014 WL 3877431, at *2 (S.D.N.Y. Aug. 4, 2014) (in wage and hour case: "Applying [one-third] attorneys' fees to the approximately $4.2 million at issue in this case brings the total amount in controversy to as much as $5.6 million, satisfying the required jurisdictional amount under CAFA"); *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011) ("[F]or the limited purpose of determining the amount in controversy, attorneys' fees will be estimated to be 33% of the total damages otherwise contemplated.").

49.    Plaintiff's counsel, in a case also brought pursuant to Mass. Gen. Laws ch. 149, § 150, received thirty-three percent of a court-approved settlement to account for her fees and expenses (an award totaling $1,666,666). *See* Order Approving Settlement (ECF No. 57), *Crenshaw v. Texas Roadhouse, Inc. et al.*, No. 1:11–cv–10549–JLT (D. Mass. Sept. 6, 2012); Plaintiffs' Assented-to Motion for Final Approval of Class Action Settlement (ECF No. 53-3), *Crenshaw v. Texas Roadhouse, Inc. et al.*, No. 1:11–cv–10549–JLT (D. Mass. Sept. 4, 2012). It is reasonable to conclude that Plaintiff's counsel will seek a similar recovery in this case. *See* Plaintiff's Assented-to Motion for Final Approval of Class Action Settlement (ECF No. 72), *Sheehan et al. v. RCN Telecom Servs., Inc.*, No. 1:16-cv-10509-DPW (D. Mass. Oct. 20, 2017) (requesting attorneys' fees for Plaintiff's counsel valued at thirty-three percent of class settlement in independent contractor classification litigation). Even an attorneys' fees award of twenty-five percent would add over $4,777,500 million to the amount in controversy.

50.    Amazon acknowledges that the Court relied on the lodestar method to determine the attorneys' fees in controversy in deciding Amazon's initial Notice of Removal. *Waithaka*, Dkt. No. 29-30. For the reasons Amazon set forth in its opposition to Plaintiff's motion to remand,

Amazon believes that $1,000,000 is a reasonable estimate of the attorneys' fees in controversy under the lodestar method. *See* Dkt No. 13. However, even if the Court were to apply a lesser amount of attorneys' fees to calculate the amount in controversy, the Court would still retain jurisdiction over this case because, as of the date of this Notice of Removal, the amount in controversy is over $5 million *even if no attorneys' fees are included*.

        **D.    Summary of Amount in Controversy**

51.    Based on the categories of damages and calculations outlined above, the amount placed in controversy by the class allegations in Plaintiff's Complaint, *exclusive of attorneys' fees*, easily exceeds $5 million, as follows:

| | |
|---|---|
| **Vehicle Expenses** | at least $14,700,000 |
| **Phone Expenses** | at least $1,425,000 |
| **Minimum Wage Damages** | at least $1,230,000 |
| **Unpaid Wage Damages** | at least $1,755,000 |
| **TOTAL**: | at least $**19,110,000** |

52.    If Amazon were to apply less conservative assumptions, the amount in controversy would increase substantially.[6]

---

[6] Amazon's estimated amount in controversy does not account for future amounts that would continue to accrue over the lifespan of this large class action litigation. "Though the amount in controversy in a case removed to federal court depends on the circumstances existing at the time of removal . . . the calculation includes monies not yet due the plaintiff at that point—so long as the 'judgment will clearly and finally create an obligation to pay, over a number of years, a sum in excess of the jurisdictional amount, even though future events may alter or cut off the defendant's obligation.'" *Williams v. Toys "R" Us – Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *2 (D. Mass. Sept. 28, 2016) (quoting 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 3702, at 87 (3d ed. 1998)) (citations omitted). Here, each of the categories of monetary damages alleged in the Complaint would run through the date of a final judgment in Plaintiff's favor. *See Costello v. Whole Foods Mkt. Grp., Inc.*, No. 16-10673-GAO (D. Mass. 2016) (ECF. No. 34) ("[T]he amount in controversy includes all back pay due . . . through the date of final judgment.").

53.     Although Amazon expressly denies Plaintiff's allegations and theories of recovery, and expressly denies that Plaintiff or the putative class he purports to represent are entitled to any of the requested relief, the amount in controversy clearly exceeds the $5 million threshold set forth under 28 U.S.C. § 1332(d)(2).

        **E.     No Exceptions to CAFA Jurisdiction Apply.**

54.     CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home-state" and "local controversy" exceptions.  *See* 28 U.S.C. § 1332(d)(3)(A)-(B). *Plaintiff* bears the burden of proof as to the applicability of these exceptions.  *McMorris v. TJX Cos*., 493 F. Supp. 2d 158, 165 (D. Mass. 2007); *cf.* S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42 (1st Sess. 2005) (exceptions to CAFA jurisdiction should be interpreted narrowly and doubts should be resolved "in favor of exercising jurisdiction over the matter").  Plaintiff cannot meet his burden of proving that either exception applies because neither Defendant is a citizen of Massachusetts.  *Waithaka*, Dkt. No. 29 at p. 2 n. 1 ("It is not disputed that the case meets other requirements under CAFA….").

## V.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

55.     Defendants timely, and in good faith, filed their initial notice of removal on October 29, 2017.  *Amoche*, 556 F.3d at 53 (finding defendant's removal "at the earliest possible date was understandable, given the removal statute's requirement that a defendant file a notice of removal within thirty days of his receipt of the first removable document.").

56.     The notice of removal effected this Court's jurisdiction and divested the state court of jurisdiction.  28 U.S.C. § 1446(d).  Thereafter, until August 28, 2018, removal was neither necessary (this Court had jurisdiction over the case) nor possible (this case was not pending in state court).  *Id.; see also* § 1441(a).

57.     On August 28, 2018, this Court held that this case was not initially removable solely

because the amount in controversy requirement had not been met as of October 29th.  Dkt No. 29 at p. 7 (citing *Amoche, supra* at 51).  However, the "remand order does not permanently foreclose [Amazon] from attempting to remove this case to federal court. … [T]he text of the removal statute itself contemplates that a case that was not initially removable may later be removed if the basis for removal becomes apparent through a subsequent "amended pleading, motion, order or other paper." *Amoche, supra* at 53 (citing 28 U.S.C. § 1446(b)).  "[E]specially now that class actions under CAFA are exempt from the removal statute's one-year time limit." *Id.* (citing 28 U.S.C. §1453(b)).

58.     This second Notice of Removal is filed within thirty (30) days after Amazon's receipt of the August 28, 2018 order from which it could "first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3); *Amoche, supra* at 53; *see also* 28 U.S.C. §1446(c)(3)(A); *accord Romulus*, 770 F.3d at 74 & n. 5.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) (establishing a 30-day period for removal).

59.     Moreover, precedent establishes the right of the defendant to file a notice of removal based on changed circumstances and its own investigation showing that the requisite amount in controversy is satisfied.  *See, e.g.*, *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014) ("We agree with the Ninth Circuit that the text of 28 U.S.C. § 1446(b) does not indicate that the two 30-day periods listed therein are the exclusive authorization of removal. . . . Defendants are permitted to remove outside of these periods when the time limits of 28 U.S.C. § 1446(b) are not triggered." (citation omitted)); *Paros Props. LLC v.*

*Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1271 n.5 (10th Cir. 2016) ("[A] defendant need not await . . . notice before filing a notice of removal.  Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal."); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825-26 (7th Cir. 2013) (observing that the defendant's removal of litigation to federal court based on its "estimate" of damages was proper where neither of the 30-day periods under Section 1446(b) had begun to run); *accord Williams*, 2014 WL 5494914, at *3 n.4 (discussing the holdings in *Roth*, *Cutrone*, and *Walker*, and observing that "[t]he reasoning applied by those Courts of Appeals is persuasive").  This Notice thus fits squarely within both the plain terms of 28 U.S.C. §§ 1441(a) and 1446(b)(3), and precedent establishing that the defendant may, on the basis of its own investigation and determination, remove whenever it can demonstrate that the minimum amount in controversy has been met.

60.     As Plaintiff originally filed this action in the Worcester County Superior Court of Massachusetts, removal to the United States District Court, District of Massachusetts, is proper under 28 U.S.C. § 1441(a).

61.     As required by 28 U.S.C. § 1446(d), Defendants will provide notice of this removal to Plaintiff through his attorneys of record.

62.     As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Court for the Worcester County Superior Court of Massachusetts.

63.     If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

WHEREFORE, Defendants Amazon.com, Inc. and Amazon Logistics, Inc., desiring to remove this case to the United States District Court for the District of Massachusetts, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Respectfully submitted,

**AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.,**
By their attorneys,

/s/ *Elizabeth M. Bresnahan*
Douglas T. Schwarz, BBO# 548558
  douglas.schwarz@morganlewis.com
Elizabeth M. Bresnahan, BBO# 672577
  elizabeth.bresnahan@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110
Tel. (617) 951-8000

Dated:  September 7, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, the foregoing document was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). A paper copy also will be served by first class mail to:

Shannon Liss-Riordan, Esq.
Adelaide Pagano, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994-5800

*s/ Elizabeth M. Bresnahan*
Elizabeth M. Bresnahan