UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNARD WAITHAKA, on behalf of himself and others similarly situated, | CIVIL ACTION |
| Plaintiffs, | NO. 18-40150-TSH |
| v. | |
| AMAZON.COM, INC. and AMAZON LOGISTICS, INC., | |
| Defendants. | |

### ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION TO REMAND
(Docket No. 13)

**March 5, 2019**

**HILLMAN, D.J.**

Bernard Waithaka ("Plaintiff"), commenced this class action lawsuit against Amazon.com Inc., and Amazon Logistics Inc. ("Defendants") alleging improper classification as independent contractors and violations of state wage laws. On September 7, 2018, Defendants removed the action to this Court for the second time. Subsequently, Plaintiff filed this motion to remand the action back to state court. (Docket No. 13). For the reasons stated below, Plaintiff's motion is *__denied__*.

### Background

On August 28, 2017, Plaintiff filed a Complaint in Worcester Superior Court against Defendants alleging that Defendants misclassified class members as independent contractors in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 150, (Count I), that Defendants required class members to bear business expenses necessary to perform their

work in violation of the Wage Act, Mass Gen. L. c. 149 § 148, (Count II), and that Defendants failed to ensure that class members were paid at least minimum wage in violation of the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 §§ 1, 7, (Count III).

On October 29, 2017, Defendants removed to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA") alleging that the proposed class members exceeded 100 individuals, and the amount in controversy exceeded $5 million in the aggregate. Alternatively, Defendants argued that 28 U.S.C. § 1332 provided another basis for removal since Plaintiff and Defendants are diverse and the amount in controversy exceeds $75,000. On November 1, 2017, Plaintiff moved to remand to state court. On August 28, 2018, this Court granted Plaintiff's motion concluding that Defendants had not met the amount in controversy requirements of either CAFA or Section 1332. *See Waithaka v. Amazon.com, Inc.*, 2018 WL4092074 (D. Mass. Aug. 28, 2018).

Thereafter, Defendants conducted an internal investigation of their updated records finding that the putative class damages now exceed CAFA's $5 million threshold. Consequently, on September 7, 2018, Defendants once again removed to this Court. (Docket No. 1). On October 5, 2018, Plaintiff once again moved to remand to state court. (Docket No. 13).

## Legal Standard

CAFA was enacted in order to expand the number of class actions that could be litigated in federal court. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 49 (1st Cir. 2009) ("In CAFA, Congress expressly expanded federal jurisdiction largely for the benefit of defendants against a background of what it considered to be abusive class action practices in state courts."). Congress achieved that purpose "by imposing only a minimal diversity requirement, eliminating the statutory one-year time limit for removal, and providing for interlocutory appeal of a federal district court's remand order." *Id.* at 47-48 (citing 28 U.S.C. §§ 1332(d)(2), 1453(b), (c)).

Congress did, however, impose some restrictions on CAFA's reach. Pursuant to CAFA, a district court has jurisdiction over a class action if there is minimal diversity among the parties, the putative class includes at least 100 members, and the amount is controversy is greater than $5 million. 28 U.S.C. §§ 1332(d)(2), (5)(B); *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014).

Section 1446(b) stipulates two time periods within which a defendant is required remove a class action that satisfies CAFA's jurisdictional conditions from state court to federal court. *See* 28 U.S.C. § 1453(b) (applying Section 1446(b)(1) and (b)(3) removal requirements to class actions). "If the case as stated by the initial pleading is removable, Section 1446(b)(1) requires the defendant to remove within thirty days of its receipt. Section 1446(b)(3) requires the defendant to remove within thirty days of receiving a subsequent paper form which it may first be ascertained that the class action is or has become removable." *Romulus*, 770 F.3d at 69 (citations omitted).

## Discussion

There are two questions presented in this case. The first is whether the two thirty-day periods described in Section 1446(b)(1) and (b)(3) are the only periods when Defendants can remove or whether they are merely periods during which Defendants must remove if one of the triggering events occur. If they are not the only periods when Defendants may remove, the second issue is whether this is a situation where successive removal attempts are permissible.

The first question is an open one in this circuit. *See Romulus*, 770 F.3d at 80 n.12 ("We do not address the complicated questions concerning the possibility of removal outside of the specified CAFA statutory procedures."). Pursuant to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

3

district court of the United Sates for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  In addition, Section 1446 requires a defendant to remove within 30 days of the triggering events described. 28 U.S.C. § 1446(b)(1), (3).  The statue reads, in relevant part:

> **b) Requirements; generally.—(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter
>
> …
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

In *Roth v. CHA Hollywood Medical Center*, the Ninth Circuit concluded that these provisions, when "read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." 720 F.3d 1121, 1125 (9th Cir. 2013).  In that case, it was not clear from the face of the plaintiff's complaint whether the amount in controversy was sufficient to confer CAFA jurisdiction, so the defendant removed after conducting its own internal investigation.  In allowing the defendant to remove, the court noted, "[i]t would be odd, even perverse, to prevent removal in this case, and we see nothing in the text of §§ 1441 and 1446 to require such a result." *Id.*  I agree that, in addition to the troubling practical consequences that would result from holding otherwise, the most natural reading of the statutes is that they do not forbid a defendant from removing outside

of the two thirty-day periods on the basis of its own information, so long as it did not allow a thirty-day deadline to lapse following a triggering event.

Indeed, several courts have reached the same conclusion, including two additional circuit courts. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014) ("We agree with the Ninth Circuit that the text of 28 U.S.C. § 1446(b) does not indicate that the two 30-day periods listed therein are the exclusive authorizations of removal."); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-26 (7th Cir. 2013); *Williams v. Am. Honda Fin. Corp.*, No. 14-12859-LTS, 2014 WL 5494914, at *3 n.4 (D. Mass. Oct. 30, 2014) ("The reasoning applied by [the *Roth*, *Cutrone*, and *Walker* courts] is persuasive, and is at least partially driven by the same policy considerations discussed by the First Circuit in *Romulus*."). I find, therefore, that although there has been no triggering event, Defendants may remove based on their own information.

Consequently, I must address the second issue: whether this is a situation where successive removal attempts are permissible. The First Circuit has held that "[s]uccessive attempts at removal are permissible where the grounds for removal become apparent only later in the litigation." *Amoche*, 556 F.3d at 53.

Defendants contend that not only did the grounds only become apparent later in the litigation, they did not exist until later. It follows, according to Defendants, that removal must be permissible. *See Amoche*, 556 F.3d at 51 (noting that "a court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than $5 million is in controversy *at the time of removal*." (emphasis in original)). Plaintiff contends, on the other hand, that successive removal should only be permissible when new information has become apparent to Defendants. According to Plaintiff, no such new information has been revealed and Defendants' tactical delays have resulted in greater damages that now satisfy

5

the amount-in-controversy requirement. *See Waters v. Kohl's Dept. Stores, Inc.*, 2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018) ("[C]ontinued accrual of putative damages does not constitute a change in circumstances that entitles Koh's to successive removal."). Plaintiff argues that permitting this gamesmanship would provide defendants wishing to remove with the perverse incentive to delay and thereby undermine the efficiency of litigation.[1]

The First Circuit noted in *Amoche*, however, that the defendant's "removal of this case at the earliest possible date was understandable, given the removal statute's requirement that a defendant file a notice of removal within thirty days of his receipt of the first removable document." 556 F.3d at 53. In that case, "the litigation had not developed to a stage where [the defendant] ha[d] shown that the requirements for federal jurisdiction were met under CAFA." *Id.* Therefore, the court concluded that it was "not unfair that [the defendant] wait until the class allegations are more fully developed before attempting to remove, if there is a later basis for removal, especially now that the class actions under CAFA are exempt from the removal statute's one-year time limit." *Id.*

Here, after the first attempted removal, Defendants undertook a second investigation of their records which revealed "between October 2017 and September 2018, the number of independent contractors providing services through the Amazon Flex program had tripled. Combined, these independent contractors had driven nearly *six* times the number of miles that had been driven as of October 2017 when the First Notice of Removal was filed." (Docket No. 17, at

---

[1] It is unclear, however, whether prohibiting this sort of successive removal would resolve the problem that Plaintiff identifies because Defendants would be placed in the difficult position of choosing the best moment to remove. On the one hand, they might attempt to remove early in the litigation despite an ambiguous amount in controversy for fear that a Section 1446 triggering condition had been met. On the other hand, defendants might be incentivized to wait until they were certain that damages were greater than $5 million. If defendants decide that waiting is the better approach, they would forego early (and if successful efficient) attempts at removal.

4) (emphasis in original).  Consequently, the increase in mileage resulted in a higher amount in controversy, which Plaintiff does not dispute is now above the $5 million threshold.  Just like the defendant in *Amoche*, Defendants' first removal attempt was reasonable since the thirty-day clock potentially began to run.  As a result of Defendants' subsequent investigations, they demonstrated that the requirements for CAFA jurisdiction are clearly met and this only became apparent after the first removal attempt since the Flex program grew in the interim.  Consequently, Defendants have satisfied the requirements for successive removal.

## Conclusion

For the reasons stated above, Plaintiff's motion (Docket No. 13) is ***denied***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
