Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>AMAZON.COM, INC., AMAZON LOGISTICS, INC.,<br>　　　　　　　　Defendants. | Case No. 2:19-cv-01320-RSM<br><br>**STIPULATED PROTECTIVE ORDER** |

1.　PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include information or documents that a party or third-party in good faith reasonably believes contains sensitive, non-public, private or confidential personal information the public disclosure of which would cause actual harm to a person's reasonable expectation of privacy or is otherwise entitled to protection under the applicable Court rules.

"Attorneys' Eyes Only" material shall include information or documents that a party or third-party in good faith reasonable believe contains, constitutes, or includes highly confidential information or material that is believed in good faith to be not only confidential, but also constitute trade secrets or commercial business information that could be used to the detriment of the producing party's business, including without limitation information reflecting pricing, profits, product development, customer feedback, competitive analysis, roadmap, strategies, marketing plans, operational plans, customers, and/or unreleased initiatives, products, services, features, and/or business deals.

3. SCOPE

The protections conferred by this agreement cover not only Confidential and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from Confidential or Attorneys' Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential or Attorneys' Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Attorneys' Eyes Only material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY MATERIAL

4.1   Basic Principles. A receiving party may use Confidential or Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this

case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

      4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

      (a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, any mediator selected to mediate this matter, and any arbitrator selected to hear this matter;

      (b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

      (c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)     the court, court personnel, and court reporters and videographers and their staff;

      (e)     copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

      (f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; or

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of Attorneys' Eyes Only Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Attorneys' Eyes Only material only to:

(a) Counsel for the parties in this litigation, including in-house counsel, and employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any mediator selected to mediate this matter, and any arbitrator selected to hear this matter;

(b) The Court and its personnel, as necessary in support of motions, pleadings, and other court papers and proceedings;

(c) Court reporters and videographers and their assistants, to the extent reasonably necessary for reporting of depositions and hearings; or

(d) Experts and consultants retained by an attorney, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.4 <u>Filing Confidential or Attorneys' Eyes Only Material</u>. Before filing Confidential or Attorneys' Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or attorneys' eyes only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential or Attorneys' Eyes Only material at issue,

and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  DESIGNATING PROTECTED MATERIAL

    5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. When reasonably practicable and not unduly burdensome in light of the nature and content of particular materials, documents, items, or oral or written communications containing Confidential or Attorneys' Eyes Only material, the designating party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

      (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential or Attorneys' Eyes Only material. Subject to the limitations in Section 5.1, if only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). Native format document production will be designated by adding the work "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the file name of the native format document produced, or by affixing such word to the label of the media on which the native format documents are produced as per Section 5.2(c) below. If a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as Confidential or Attorneys' Eyes Only material, as appropriate, and label it in a manner effective to ensure proper treatment.

      (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only material. Any portions of the transcript not designated for protection on the record must be treated as Confidential material during the fifteen days after receipt of the transcript. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

      (c)    <u>Other tangible items</u>: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

STIPULATED PROTECTIVE ORDER—6
Case No. 2:19-cv-01320-RSM

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d) <u>Other information</u>: Information not reduced to documentary or tangible form or that cannot be conveniently designated as set forth above may be designated as Confidential or Attorneys' Eyes Only material by informing the non-designating party in writing.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

5.4 <u>Designating Information Disclosed by Another Party</u>. If a party believes that documents obtained from a third party should be designated as Confidential or Attorneys' Eyes Only material, the parties will promptly meet and confer and, if they do not come to an agreement as to the treatment of such material, will present the dispute to the Court for resolution.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's Confidential or Attorneys' Eyes Only designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding Confidential or Attorneys' Eyes Only designations without court involvement. Any motion regarding such designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain Confidential or Attorneys' Eyes Only status under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Attorneys' Eyes Only material until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that party must:

      (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

      If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys' Eyes Only material to any person or in any circumstance not authorized under this

agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Attorneys' Eyes Only material to the designating party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Attorneys' Eyes Only material; *FURTHER PROVIDED*, counsel for a party may certify that Confidential material attached to email and stored in counsel's email systems will continue to be maintained securely and consistent with the provisions of this Order.

| | |
|---|---|
| 1 | The confidentiality obligations imposed by this agreement shall remain in effect until a |
| 2 | designating party agrees otherwise in writing or a court orders otherwise. |
| 3 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |

DATED: July 28, 2021

                                              s/ *Adelaide Pagano*
                                              Shannon Liss-Riordan (*Pro Hac Vice*)
                                              Harold L. Lichten (*Pro Hac Vice*)
                                              Adelaide Pagano (*Pro Hac Vice*)
                                              LICHTEN & LISS-RIORDAN, P.C.
                                              729 Boylston Street, Suite 2000
                                              Boston, MA 02116
                                              Telephone: (617) 994-5800
                                              Fax: (617) 994-5801
                                              Email: sliss@llrlaw.com
                                                         hlichten@llrlaw.com
                                                        apagano@llrlaw.com

                                              s/ *Michael C. Subit*
                                              Michael C. Subit, WSBA No. 29189
                                              FRANK FREED SUBIT & THOMAS LLP
                                              705 Second Avenue, Suite 1200
                                              Seattle, Washington 98104-1729
                                              Telephone: (206) 682-6711
                                              Fax: (206) 682-0401
                                              Email: msubit@frankfreed.com

                                              *Attorneys for Plaintiffs*

                                              s/ *Ryan D. Redekopp*
                                              Ryan D. Redekopp, WSBA #36853
                                              K&L GATES LLP
                                              925 Fourth Avenue, Suite 2900
                                              Seattle, WA 98104
                                              Telephone: (206) 623-7580
                                              Fax: (206) 623-7022
                                              Email: ryan.redekopp@klgates.com

s/ *Richard G. Rosenblatt*
Richard G. Rosenblatt (*Pro Hac Vice*)
James P. Walsh (*Pro Hac Vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Fax: (609) 919-6701
Email: richard.rosenblatt@morganlewis.com
Email: james.walsh@morganlewis.com

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production or disclosure of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any privilege or protection applicable to such documents or information, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 2nd day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Bernard Waithaka v. Amazon.com, Inc., et al.*, Case No. 2:19-cv-01320-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____