Hon. Ricardo S. Martinez

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., AMAZON LOGISTICS, INC.,<br><br>　　　　　Defendants. | C.A. NO. 2:19-cv-01320-RSM<br>Class Action<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>NOTE ON MOTION CALENDAR:<br>_August 13, 2021<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - 1
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

**Table of Contents**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ..................................................................................................................... 1

    A.   Prong B of the ABC Test is Not Preempted By the FAAAA ......................................... 1

    B.   Plaintiff Need Not Prove Commonality as to All Three Prongs of the ABC Test ......... 3

    C.   In Any Case, There is Commonality on All Three Prongs of the ABC Test ................. 4

    D.   Common Questions Predominate in Plaintiff's Specific Claims .................................... 7

    E.   Plaintiff Waithaka is an Adequate Representative and There are No
        Manageability Issues That    Would Defeat Certification ............................................. 11

III. CONCLUSION ................................................................................................................ 12

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - i
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

# Table of Authorities

**Cases**

Agerbrink v. Model Serv. LLC
  2017 WL 933095 (S.D.N.Y. Mar. 8, 2017) ................................................................. 7

Awuah v. Coverall North America, Inc.
  No. 1:07-cv-10287 (D. Mass. Sept. 27, 2011) .......................................................... 4

Bos. Bicycle Couriers, Inc. v. Deputy Dir. of Div. of Emp. & Training
  56 Mass. App. Ct. 473 (2002) .................................................................................. 7

Bowerman v. Field Asset Servs., Inc.
  2015 WL 1321883 (N.D. Cal. Mar. 24, 2015) ........................................................ 12

California Trucking Association v. Bonta
  996 F.3d 644 (9th Cir. 2021) ............................................................................ 1, 2, 3

Camara v. Attorney General
  458 Mass. 756 (2011) ......................................................................................... 8, 11

Carey v. Gatehouse Media Massachusetts I, Inc.
  94 N.E.3d 420 (2018) ............................................................................................... 5

Carpenters Retirement Trust of Western Washington v. Health Homes NW LLC
  2008 WL 2230754 (W.D. Wash. May 29, 2008) .................................................... 3

Carrow v. FedEx Ground Package Sys., Inc.
  2019 WL 7184548 (D.N.J. Dec. 26, 2019) .............................................................. 4

Chambers v. RDI Logistics, Inc.,
  476 Mass. 95 (Mass. 2016) ....................................................................................... 3

Cochran v. Schwan's Home Serv., Inc.
  228 Cal. App. 4th 1137 (2014) ............................................................................... 11

Cope v. Let's Eat Out, Inc.
  319 F.R.D. 544 (W.D. Mo. 2017) ........................................................................... 11

Cortes v. Mkt. Connect Grp., Inc.
  2015 WL 5772857 (S.D. Cal. Sept. 30, 2015) ........................................................ 11

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - ii
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Costello v. BeavEx, Inc.
    810 F.3d 1045 (7th Cir. 2016) ................................................................................. 3, 4

D'Italia v. Lowe's Home Centers Inc.
    No. 11-4758-BLS1 (Suffolk Super. Ct. Dec. 12, 2012) ............................................. 4

Dalton v. Lee Publications, Inc.
    270 F.R.D. 555 (S.D. Cal. 2010) ................................................................................ 9

Darrow v. WKRP Mgmt., LLC
    2011 WL 2174496 (D. Colo. June 3, 2011) ............................................................... 9

De Giovanni v. Jani-King Intern., Inc.
    262 F. R. D. 71 (D. Mass. Sep. 21, 2009) .................................................................. 4

Dynamex Operations W. v. Superior Court
    4 Cal. 903 (Cal. 2018) ............................................................................................... 3

Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.
    657 F.2d 890 (7th Cir. 1981) ................................................................................... 12

FedEx Ground Package Sys., Inc. Emp't Practices Litig.
    273 F.R.D. 516, 523 (N.D. Ind. 2010) ....................................................................... 4

Fucci v. Eastern Connection Operating, Inc.,
    No. 08–2659 (2009) ................................................................................................... 7

Furtado v. Republic Parking Sys., LLC
    2020 WL 996849 (D. Mass. Mar. 2, 2020) ................................................................ 9

Gammella v. P.F. Chang's China Bistro, Inc.
    120 N.E.3d 690 (2019) ............................................................................................ 11

Garedakis v. Brentwood Union School District
    752 Fed. Appx. 466 (9th Cir. 2018) ....................................................................... 2, 3

Gattuso v. Harte-Hanks Shoppers, Inc.
    42 Cal.4th 554, 569 (2007) ........................................................................................ 9

Gennell v. FedEx Corp.
    2014 WL 1091148 (D.N.H. 2014) ............................................................................. 8

Guifu Li v. A Perfect Franchise, Inc.,
    2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) ........................................................... 10

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - iii
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Hanlon v. Chrysler Corp.
   150 F.3d 1011 (9th Cir. 1998)..................................................................................................4

Herrera v. Zumiez, Inc.
   953 F.3d 1063 (9th Cir. 2020) ........................................................................................ 10, 11

Ives Camargo's Case
   479 Mass. 492 (2018)............................................................................................................2, 7

James v. Uber Techs. Inc.
   338 F.R.D. 123 (N.D. Cal. 2021) ............................................................................................5

Jammeh v. HNN Assocs., LLC,
   2020 WL 5407864 (W.D. Wash. Sept. 9, 2020) .................................................................12

Kohler v. Presidio Int'l, Inc.
   782 F.3d 1064 (9th Cir. 2015) ............................................................................................2, 3

Koral v. Inflated Dough, Inc.
   2014 WL 4904400 (D. Co. Sept. 9, 2014)..............................................................................9

Lewis v. Starbucks Corp.
   2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) .......................................................................9

Leyva v. Medline Indus. Inc.
   716 F.3d 510 (9th Cir. 2013).................................................................................................12

Local Union 598 v. J.A. Jones Construction Co.
   846 F.2d 1213 (9th Cir. 1988) ................................................................................................2

Mackey v. Lanier Collection Agency
   486 U.S. 825 (1988) .................................................................................................................3

Magalhaes v. Lowe's Home Centers, Inc.
   2014 WL 907675 (D. Mass. Mar. 10, 2014) ......................................................................4, 5

Marsu, B.V. v. Walt Disney Co.,
   185 F.3d 932 (9th Cir. 1999)...................................................................................................9

Martins v. 3PD Inc.
   42014 WL 1271761 (D. Mass. Mar. 27, 2014) .....................................................................8

Moore v. Dollar Tree Stores, Inc.
   85 F. Supp. 3d 1176 (E.D. Ca. 2015) .................................................................................2, 3

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - iv
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

```
```

Mujo v. Jani-King Int'l, Inc.
  2019 WL 145524 (D. Conn. Jan. 9, 2019) ..................................................................... 4

Organogenesis Sec. Litig.
  241 F.R.D. 397 (D. Mass. 2007) ............................................................................... 12

Portillo v. Nat'l Freight, Inc.
  2020 WL 3582514 (D.N.J. July 1, 2020) .................................................................... 4

Richie v. Blue Shield of Cal.
  2014 WL 6982943 (N.D. Cal. Dec. 9, 2014) ............................................................ 11

Salter v. Quality Carriers, Inc.,
  2021 WL 2333098 (C.D. Cal. 2021), ......................................................................... 5

Sandoval, et al. v. M.J.F. Bowery Corp. d/b/a/ Ten's Show Club
  29 Mass. L. Rptr. 11 (Essex Super. July 22, 2011) .................................................... 5

Schulz v. QualxServ, LLC
  2012 WL 1439066 (S.D. Cal. Apr. 26, 2012) ........................................................... 10

Schwann v. FedEx Ground Package Sys., Inc.
  813 F.3d 429 (1st Cir. 2016) ...................................................................................... 8

Sears, Roebuck & Co. v. San Diego County District Council
  436 U.S. 180 (1978) ................................................................................................... 2

Somers v. Converged Access, Inc.
  454 Mass. 582 (2009) ................................................................................................. 8

Tokoshima v. Pep BoysManny Moe & Jack of California,
  2014 WL 1677979 (N.D. Cal. Apr. 28, 2014) .......................................................... 10

Windmill Health Products, LLC v. Sensa Products
  2015 WL 6471180 (C.D. Cal. Oct. 27, 2015) ........................................................ 2, 3

Yong v. I.N.S.
  208 F.3d 1116 (9th Cir. 2000) .................................................................................... 2

Zellagui v. MCD Pizza, Inc.
  59 F. Supp. 3d 712 (E.D. Pa. 2014) ............................................................................ 9

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - v
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994–5800

## I.  INTRODUCTION

In opposition to Plaintiff's Motion for Class Certification, Amazon attempts to manufacture barriers to class treatment where none exist. Amazon attempts to distract from the Rule 23 analysis by prematurely arguing the merits of Plaintiff's claims; however, win or lose, it is clear that the issue presented by the ABC test, and by Plaintiff's expense reimbursement and minimum wage claims, can be resolved on a common basis. Contrary to Amazon's contentions, Prong B of the ABC test is not preempted, and in any event it will naturally be resolved on a common basis for all Amazon Flex drivers who all perform the same service (delivery of packages and groceries) for Amazon. Further, although commonality on that one dispositive prong is enough for this Court to certify a class, the question of whether the drivers are employees under Prongs A and C is likewise capable of classwide determination; all class members performed services using the same Application, subject to the same contract and conditions. That some drivers also worked for other gig economy companies does not alter the fact that they performed Amazon deliveries under the auspices of Amazon and not that of their own independent businesses. Finally, all drivers incurred the same expenses necessary to perform the job, and courts have routinely certified expense reimbursement claims to recover these same expenses. Likewise, minimum wage damages are calculable from Amazon's records of when drivers made deliveries and the projected mileage for each route. Amazon's attempt to needlessly complicate the analysis should be recognized for the self-serving exercise it is.

## II.  ARGUMENT

### A. Prong B of the ABC Test is Not Preempted By the FAAAA

Amazon attempts to avoid the application of Prong B by relying on other courts' decisions that the Ninth Circuit recently and expressly disavowed in <u>California Trucking Association v. Bonta</u>, 996 F.3d 644 (9th Cir. 2021) ("<u>CTA</u>"). This argument goes to the merits of whether

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

1

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Plaintiffs can prevail on Prong B -- not to the propriety of class certification. In any case, it is also erroneous; the Ninth Circuit's decision in CTA, finding that Prong B is not preempted by the FAAAA, is binding on this Court, as it addresses an issue of federal law, and this Court is bound to follow it. See Local Union 598 v. J.A. Jones Construction Co., 846 F.2d 1213, 1218 (9th Cir. 1988) ("preemption is a question of federal law"); Yong v. I.N.S., 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Neither the contrary decision of the First Circuit nor the Massachusetts Supreme Judicial Court changes this fact. See, e.g., Moore v. Dollar Tree Stores, Inc., 85 F. Supp. 3d 1176 (E.D. Ca. 2015) (holding district court must follow Ninth Circuit precedent on issue of preemption notwithstanding contrary decision of state supreme court); Kohler v. Presidio Int'l, Inc., 782 F.3d 1064, 1070–71 (9th Cir. 2015) (same); Windmill Health Products, LLC v. Sensa Products, 2015 WL 6471180 *3 (C.D. Cal. Oct. 27, 2015) (same); see also Sears, Roebuck & Co. v. San Diego County District Council, 436 U.S. 180, 183-84, 207 (1978); Garedakis v. Brentwood Union School District, 752 Fed. Appx. 466, 468 (9th Cir. 2018).[1]

     In CTA, the Ninth Circuit rejected the argument that the FAAAA, 49 U.S.C. § 14501(c)(1) ("F4A") preempts Prong B of the ABC test, which California adopted verbatim from Massachusetts law. 996 F.3d at 663. In doing so, the Ninth Circuit expressly stated that it "reject[s] the arguments made by CTA and the dissent based on Schwann v. FedEx Ground Package Sys., Inc., 813 F.3d 429, 437–40 (1st Cir. 2016)" which held that Prong B of the ABC test under Massachusetts law is preempted. CTA, 996 F.3d at 663. Amazon unpersuasively argues that because the Massachusetts Supreme Judicial Court in Chambers v. RDI Logistics,

---

[1] In any event, the case in which the First Circuit decided that Prong B of the ABC test was preempted by FAAAA for transportation workers, Schwann v. FedEx., 813 F.3d 429, 433 (1st Cir. 2016), relied on a conclusion which has since been debunked. The court determined that the Massachusetts ABC test covered a wide swath of workplace protections, but the Massachusetts Supreme Judicial Court later determined in Ives Camargo's Case, 479 Mass. 492, 96 N.E.3d 673 (2018) that the ABC test does not extend beyond the Wage Act, thus refuting this conclusion by the First Circuit in Schwann. It is not clear whether Schwann survives Ives, but whether it does would also be a common issue for the class, even if the First Circuit law on this issue, rather than Ninth Circuit law, were to apply.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - 2
Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Inc., 476 Mass. 95 (Mass. 2016), followed the First Circuit's decision in Schwann, the issue of whether F4A preempts Prong B is somehow transformed into a state law issue. This exact argument has been thoroughly rejected by courts in the Ninth Circuit. See Moore, 85 F. Supp. at 1176; see also Kohler, 782 F.3d at 1070–71; Windmill Health Products, LLC, 2015 WL 6471180 at *3; see also Garedakis, 752 Fed. Appx. at 468. As such, it is irrelevant to the outcome in this case that the Massachusetts Supreme Judicial Court (following the First Circuit) previously reached a contrary conclusion to the Ninth Circuit.[2] This Court is without authority to apply any other law and must follow the Ninth Circuit's holding in CTA, 996 F.3d 644 that Prong B is not preempted by the F4A.[3] In any case, the Court's decision on whether the F4A preempts Prong B will apply *equally* to all class members. Indeed, whether the driver plaintiffs or Amazon are "motor carriers for hire" at all will be answered uniformly for the entire class.

### B. Plaintiff Need Not Prove Commonality as to All Three Prongs of the ABC Test

Plaintiff here can establish commonality on *all three prongs* of the "ABC" test. However, Costello v. BeavEx, Inc., 810 F.3d 1045, 1060 (7th Cir. 2016), and numerous other cases demonstrate why proving commonality on all the prongs is not even necessary and why

---

[2] Indeed, this very Court has previously recognized that preemption is "a question of *federal* law" and that in adjudicating an issue of preemption, "[t]here is little risk of the court [] making needless decisions about state law." Carpenters Retirement Trust of Western Washington v. Health Homes NW LLC, 2008 WL 2230754 *3 (W.D. Wash. May 29, 2008) (emphasis in original), citing Mackey v. Lanier Collection Agency, 486 U.S. 825, 830-31 (1988).

[3] Moreover, in CTA, the Ninth Circuit recognized that Prong B of the Massachusetts ABC test "is identical to Prong B of the California ABC test codified in AB-5". 996 F.3d at 663. Yet, the Ninth Circuit still declined to follow the First Circuit, because its decision is "contrary to our precedent." Id. Indeed, the California ABC test was adopted verbatim from Massachusetts law by the California Supreme Court in Dynamex Operations W. v. Superior Court, 4 Cal. 903 (Cal. 2018). Thus, if the Massachusetts Supreme Judicial Court had final authority to determine whether Prong B, as taken from Massachusetts law, is preempted by the F4A, the Ninth Circuit itself would have been required to follow Chambers rather than the manifestly opposite conclusion that the Ninth Circuit reached in CTA, 996 F.3d at 644. Plainly, neither the decision of the Massachusetts Supreme Judicial Court nor the First Circuit has any bearing on whether Prong B of the ABC test applies to Amazon in this case, as the Ninth Circuit has recently and clearly held that it does.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

3

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

the Court should certify if it finds commonality on even one of these prongs. See Dkt. 97 at 10 (collecting cases). Amazon's argument that the Court must find commonality as to each of the three prongs is incorrect and ignores that the burden is on Amazon to prove all three parts, such that its failure to prove even one prong is dispositive of Plaintiff's claims.[4] "[W]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) (citing Wright, Miller & Kane, 7AA Fed. Prac. & Proc. Civ. § 1778 (3d ed.)). Thus, if "certifying the class for purposes of prong two would substantially advance the litigation," as it would here by supplying a "common answer on prong two", Costello, 810 F.3d at 1060, then class certification is appropriate, even if individualized issues remain as to Prongs A and C (which is not even the case here, see infra, § II(C)).

### C. In Any Case, There is Commonality on All Three Prongs of the ABC Test

Courts have recognized that class certification is appropriate in similar cases, under *all three prongs* of the "ABC" test[5], and the Court should reach the same conclusion here.

---

[4] In support of its erroneous view, Amazon cites only a handful of cases. Two cases, In re FedEx Ground Package Sys., Inc. Emp't Practices Litig., 273 F.R.D. 516, 523 (N.D. Ind. 2010) and Schwann v. FedEx Ground Package Sys., Inc., 2013 WL 1292432, at *3 (D. Mass. 2013), pre-date the Seventh Circuit's leading opinion in Costello. And Magalhaes v. Lowe's Home Centers, Inc., 2014 WL 907675, at *4 (D. Mass. Mar. 10, 2014), cited by Amazon, does not help its argument. There, the court found there was no commonality on any of the three prongs of the test because the plaintiffs were providing "over fifty different types" of services to the defendant. The court's statement that "even if Prong B can be subject to common proof", the plaintiffs would still need to show commonality as to the other two prongs, see id. at *8, is not only incorrect, but also dicta. By contrast, numerous courts cited at p. 10 of Plaintiff's Motion (Dkt. 97) have certified classes on fewer than all three prongs.

[5] See, e.g., Portillo v. Nat'l Freight, Inc., 2020 WL 3582514, *10 (D.N.J. July 1, 2020) (certifying class under all three prongs of New Jersey ABC test); Carrow v. FedEx Ground Package Sys., Inc., 2019 WL 7184548, *11 (D.N.J. Dec. 26, 2019) (same); Mujo v. Jani-King Int'l, Inc., 2019 WL 145524, *8 (D. Conn. Jan. 9, 2019) (same, under Connecticut ABC test); De Giovanni v. Jani-King Intern., Inc., 262 F. R. D. 71, 84-88 (D. Mass. Sep. 21, 2009) (same, under Massachusetts ABC test); D'Italia v. Lowe's Home Centers Inc., No. 11-4758-BLS1 (Suffolk Super. Ct. Dec. 12, 2012), filed at Dkt. No. 57-25 (same); Awuah v. Coverall North America, Inc., No. 1:07-cv-10287, Dkt. 365 at 2-3 (D. Mass. Sept. 27, 2011) (same); Sandoval, et al. v. M.J.F. Bowery Corp. d/b/a/ Ten's Show Club, 29 Mass.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION - 4

Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

**Prong B**: In resisting certification on Prong B, Amazon attempts to argue the merits, insisting that the delivery services performed by Amazon Flex delivery drivers are not "necessary to [its] business", since providing delivery service is allegedly not part of its usual course of business. Dkt. 103 at 10. But regardless of whether the Court ultimately determines that drivers' work is necessary to Amazon's business, the answer to this question will necessarily be based on common evidence as it will turn on the nature of Amazon's business. See Carey v. Gatehouse Media Massachusetts I, Inc., 94 N.E.3d 420, 426 (2018)Amazon also argues unconvincingly that the services provided by drivers vary too widely to determine whether those services are part of Amazon's usual course of business because some class members delivered groceries while others delivered packages. Dkt. 103 at 10-11. But all the class members in question provided *delivery service* -- using the same AmazonFlex application, signing up for shifts in the same manner, and subject to the same contracts with Amazon. Differences in what they were delivering does not alter the service provided.[6]

**Prong A:** Amazon erroneously argues that there is no commonality under Prong A because Plaintiff cannot establish that Amazon's control under the contract or in fact is subject to common proof. Dkt. 103 at 11-12. Amazon's argument that the "*absence* of mandated contractual control precludes class certification", see Dkt. 130 at 12, has been rejected by numerous courts.[7] For instance, the court in James v. Uber Techs. Inc., recently explained:

> The problem with this argument is that all the drivers are subject to the same uniform terms of Uber's standardized "Platform Access Agreement," even if only some of them

---

L. Rptr. 11 (Essex Super. July 22, 2011) (same).

[6] The decision in Magalhaes, 2014 WL 907675, at *5, cited by Amazon, is plainly distinguishable as there, the court found the plaintiff class was performing a wide variety of "over fifty different types" of services to the defendant. In sum, all class members here provide delivery service; Plaintiff Waithaka has made both grocery and package deliveries but testified that these deliveries appeared exactly the same way in the App and there was little practical difference between the two. Ex. B (Waithaka Dep.), 150:5-151:10.

[7] Amazon cites a single outlier decision in support of this erroneous argument, which is currently on appeal in the Ninth Circuit. Salter v. Quality Carriers, Inc., 2021 WL 2333098, at *9 (C.D. Cal. 2021), appeal pending, No. 21-55593.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

5

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Case No. 2:19-cv-01320-RSM

> take advantage of the new flexible terms of that agreement…Uber is not arguing, for example, that only some drivers are offered the option to use the application infrequently, or that only some drivers are allowed to simultaneously use the Lyft app. In other words, a jury could very well review the terms of Uber's current standard agreement and conclude "in one stroke" that Uber satisfies prong A of the ABC test because it does not exercise sufficient control or direction over the drivers…Therefore, the varying experiences of drivers on the app matters not for class certification purposes because whether Uber drivers are given sufficient flexibility such that they are not under Uber's control for purposes of prong A is susceptible to common and class-wide proof, namely, the terms of Uber's current agreement.

338 F.R.D. 123, 136 (N.D. Cal. 2021). With respect to control in fact, there is commonality here as well. Amazon notes that some drivers may choose to use borrowed vehicles, may choose not to follow Amazon's charted route, or may choose to only make grocery rather than package deliveries. Dkt. 103 at 12. But again, all drivers are *equally and uniformly* free to make these choices. Drivers are also uniformly subject to Amazon's constant surveillance, tracking the timing of every delivery and metrics such as their reliability, cancellations, and delivery quality. Dkt. 97-1, ⁋ 8. Plaintiff's evidence is unrebutted that drivers all operate subject to the same contracts, standards and procedures set by Amazon.

**Prong C:** Amazon argues that individual differences regarding whether drivers are engaged in an independent business preclude certification under Prong C. Dkt. 103 at 13. But the fact that some drivers like Waithaka might also work for companies like Uber or Lyft, is immaterial and is akin to a worker having more than one part-time job or working shifts at multiple restaurants. See O'Connor, 2015 WL 5138097, at *23, n. 24 (noting that "drivers who individually contracted with Uber and have also individually contracted with Uber's competitors such as Lyft…more closely resemble fast-food workers who may work shifts at both Burger King and McDonald's."). Indeed, Amazon's argument that use of other gig economy apps like Uber means drivers are engaged in an independently established trade is a misunderstanding of Prong C, which "seeks to discern whether the worker is wearing the hat of an employee of the employing company, or is wearing the hat of his own independent

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

6

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

enterprise." <u>Bos. Bicycle Couriers, Inc. v. Deputy Dir. of Div. of Emp. & Training</u>, 56 Mass. App. Ct. 473, 480 (2002). When drivers perform work for Amazon (or Uber or Lyft), they do *not* do so under their own independent business name but rather while "wearing the hat" of Amazon; Plaintiff makes deliveries as an Amazon Flex driver, not as "Waithaka's Delivery Service." Thus, all drivers wear the hat of Amazon when they are performing Amazon Flex deliveries; when Amazon Flex drivers perform deliveries for Amazon customers, they are uniformly compelled to rely on Amazon to assign them deliveries and must perform their services subject to Amazon's rules and subject to prices set by Amazon.[8] See <u>Fucci v. Eastern Connection Operating, Inc.</u>, No. 08–2659, slip op. at 10-11 (Ex. A, filed herewith) (delivery drivers were not independently established businesses where plaintiffs depended on defendant "to provide them with work," and plaintiffs had "no involvement with either customer billing or payments").

### D.  Common Questions Predominate in Plaintiff's Specific Claims

The Court may certify this case on misclassification liability alone, as many courts have done, deferring the question of whether Plaintiff can establish violation of particular statutory

---

[8] Amazon's argument that Waithaka is an independent businessman because of his self-description on his taxes or because he took advantage of loans for small businesses during a global pandemic, <u>see</u> Dkt. 103 at 14, are absurd. Waithaka could not apply for unemployment benefits like other workers precisely because Amazon (and Uber and Lyft) misclassify him as a contractor, leaving him with no option but to avail himself of other sources of relief during the pandemic. These actions do not amount to a binding admission that he runs an independently established business; indeed, it would be surprising if he had described himself as a W-2 employee given that it is Amazon that has classified him as an independent contractor in the first instance. <u>Agerbrink v. Model Serv. LLC</u>, 2017 WL 933095, at *7 (S.D.N.Y. Mar. 8, 2017) ("It would be a bold worker indeed who, notwithstanding the fact that she is paid as an independent contractor, nevertheless files her taxes as an employee, thereby exposing her employer to potential tax penalties."). Moreover, the IRS uses a 20-factor test for employment status, which is entirely distinct from the strict ABC test that applies here under Massachusetts wage law. It is entirely possible that class members could be employees under the Massachusetts ABC test but independent contractors for other purposes. See <u>Camargo's Case</u>, 479 Mass. 492, 501 (2018) (recognizing that a worker can be classified as an employee under the ABC test and as an independent contractor under tests used for other purposes, in that case for workers' compensation). In sum, the way Waithaka or others portrayed themselves on tax returns or in PPP loan applications is simply immaterial.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

7

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

provisions, as well as show commonality with respect to damages inquiries. See infra, n. 17; see also Dkt. 56 (Mot. for Class Cert) at pp. 2-3 & n. 19. However, if the Court decides to address each claim, they will also turn on common issues as well.

**Expense Reimbursement:** Amazon argues that its compensation scheme has allegedly built in the cost of drivers' expenses, and thus, "*each* Delivery Partner must prove that they incurred necessary expenses *that exceeded* the expenses Amazon already included in its fee calculations." Dkt. 103 at 16. This argument lacks merit. See Somers v. Converged Access, Inc., 454 Mass. 582, 594 (2009) (rejecting defendants' argument that "had they known they were obliged to pay overtime, they would have paid the employee a lower wage for the first forty hours worked in a week."). But it also goes to the merits; what matters for purposes of class certification is that drivers are compensated uniformly, in the form of service fees that are set unilaterally by Amazon (and which do not include a set mileage component or other portion that is denominated as expense reimbursement).[9] Further, drivers incur a common set of necessary business expenses; mileage spent making deliveries and the costs of utilizing a smartphone to run the Amazon application are both unquestionably necessary expenses and drivers cannot do the job without incurring these expenses.[10]

---

[9]   Amazon's citation to Gennell v. FedEx Corp. 2014 WL 1091148, at *6 n.16 (D.N.H. 2014), is inapposite. That case was not decided under the Massachusetts Wage Act, which prohibits an employer from avoiding the Act's protections by "special contract." Camara v. Att'y Gen., 458 Mass. 756, 760 (2011). "This prohibition cannot be overcome by an employee's assent, both because § 148 makes the 'special contract' prohibition unconditional and for reasons of public policy." Id.

[10]   See O'Connor v. Uber Techs., Inc., 311 F.R.D. 547, 567 (N.D. Cal. 2015), rev'd on other grounds, 904 F.3d 1087 (9th Cir. 2018) ("To even access the Uber app, a smart phone and data plan is required. Thus, like a vehicle, phone expenses are plainly required for every Uber driver, as it would be impossible to be an Uber driver without these items"); James, 338 F.R.D. at 139; see also Martins v. 3PD Inc., 2014 WL 1271761, at *7-*8 (D. Mass. Mar. 27, 2014) (finding deductions for cost of insurance, leasing, and maintaining vehicles recoverable under the Wage Act); Schwann v. FedEx Ground Package Sys., Inc., 813 F.3d 429, 433 (1st Cir. 2016) (Wage Act "would require FedEx to pay for or reimburse all out-of-pocket expenses incurred for the benefit of FedEx such as the maintenance and depreciation of the vehicles they used to perform their services.").

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

8

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Amazon next argues that determining drivers' mileage will be difficult, citing to the fact that Waithaka's own mileage records inadvertently included some mileage he spent commuting home from his Amazon route as well as some mileage for his other jobs driving for Uber and Lyft. Dkt. 103 at 16. But Amazon has projected mileage for its delivery routes and has information on where the packages were picked up and dropped off. From this information, mileage and damages are easily ascertainable, utilizing the IRS reimbursement rate.[11] See, e.g., O'Connor, 311 F.R.D. at 566 (certifying expense claim for mileage driven for Uber; approving use of IRS reimbursement rate); James, 338 F.R.D. at 139.[12]

Courts have rejected Amazon's argument that certification is precluded because the make and model of different class members' cars will vary and have instead endorsed the use of the IRS reimbursement rate as "a reasonable basis of computation of vehicle-related expenses" across a certified class of drivers. O'Connor, 311 F.R.D. at 567.[13] Indeed, "[t]he IRS

---

[11] The personal mileage records Waithaka kept on his own, which Amazon references, would not be the basis for calculating his damages; these are records that Waithaka kept because Amazon did not provide him or other Amazon Flex drivers with access to the mileage it calculated for each delivery route, forcing him to keep his own imperfect records for the purpose of filing his taxes and estimating his damages. But Amazon's attempt to use these records as a basis to deny class certification is a red herring; Amazon has projected mileage for delivery routes and has information on where the packages were picked up and dropped off such that there is no need to rely on individual class member's records.

[12] See also Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal.4th 554, 569 (2007) (IRS reimbursement rate is considered a generally permissible measure of vehicle expenses); Dalton v. Lee Publications, Inc., 270 F.R.D. 555, 564 (S.D. Cal. 2010); Zellagui v. MCD Pizza, Inc., 59 F. Supp. 3d 712, 721 (E.D. Pa. 2014); Koral v. Inflated Dough, Inc., 2014 WL 4904400, *3 (D. Co. Sept. 9, 2014); Darrow v. WKRP Mgmt., LLC, 2011 WL 2174496, *4 (D. Colo. June 3, 2011); Furtado v. Republic Parking Sys., LLC, No. 19-CV-11481-DJC, 2020 WL 996849, at *5 (D. Mass. Mar. 2, 2020) (endorsing mileage expense reimbursement under Massachusetts law).

[13] Even if the IRS rate is not a perfect proxy for actual damages, courts have noted that "[t]he law requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation." Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 938-39 (9th Cir. 1999); Pulaski & Middleman, LLC v. Google, Inc., 802 F.3d 979, 989 (9th Cir. 2015); Air Safety, Inc. v. Roman Cath. Archbishop of Bos., 94 F.3d 1, 4 (1st Cir. 1996) ("Under Massachusetts law, uncertainty as to the amount of damages does not bar their recovery."). "This is especially true where...it is the wrongful acts of the defendant that have created the difficulty in proving the amount of loss…" Id. at 939. Thus, "the IRS standard mileage allowance…provides a reasonable basis to calculate mileage damages." Dalton, 270 F.R.D. at 564; see also Lewis v. Starbucks Corp., 2008 WL 4196690, *6 (E.D. Cal. Sept. 11, 2008) (utilizing IRS rate to gauge reasonableness of settlement of

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -    9

Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1  reimbursement method takes into account vehicle-related expenses, including fuel,
2  maintenance, repairs, depreciation, tires, and insurance", O'Connor, 311 F.R.D. at 566, thereby
3  eliminating any need to inquire into "into the type of insurance involved, when it was
4  purchased…and whether it needs to be apportioned with other hiring entities like Uber and
5  Lyft", as Amazon falsely claims would be necessary. See Dkt. 103 at 18.[14] Drivers plainly
6  cannot do their jobs without a vehicle, phone, and data plan. O'Connor, 311 F.R.D. at 567.[15]

7       Amazon also argues that not all Flex drivers "incurred the expenses alleged by Waithaka"
8  because some drivers did not have to pay extra for the data needed to run the AmazonFlex
9  Application if they had an unlimited data plan. See Dkt. 103 at 17. However, courts have held
10 that expenses associated with a personal phone used for work are reimbursable even where the
11 workers did not demonstrate that they incurred an "extra" expense as a consequence of that use;
12 to rule otherwise would mean "the employer would receive a windfall because it would be
13 passing its operating expenses on to the employee." Cochran v. Schwan's Home Serv., Inc., 228

---

expense class claims); Schulz v. QualxServ, LLC, 2012 WL 1439066, *6 (S.D. Cal. Apr. 26, 2012).

[14]  Amazon's claim that it is unclear "the extent any expenditures are attributable to services for Amazon or another entity" is nonsensical; the miles Amazon itself measures for its delivery routes are attributable to Amazon and provide a basis for apportioning the amount of "fuel, maintenance, repairs, depreciation, tires, and insurance" attributable to class members' work for Amazon. O'Connor, 311 F.R.D. at 566. Indeed, the very purpose of the IRS rate is to allow expenses incurred using a personal vehicle to be attributed to business or other purposes.

[15]  Amazon's cited authorities do not suggest otherwise; in Tokoshima v. Pep BoysManny Moe & Jack of California, 2014 WL 1677979, at *10 (N.D. Cal. Apr. 28, 2014), some class members used their own tools, while others used tools provided by the defendants. Here, by contrast, Amazon does not give drivers the option to use Amazon-furnished vehicles or phones -- all Flex drivers are subject to a uniform policy of using their own phones and vehicles to make deliveries. Similarly, in Guifu Li v. A Perfect Franchise, Inc., No. 5:10-CV-01189-LHK, 2011 WL 4635198, at *14 (N.D. Cal. Oct. 5, 2011), the plaintiffs did not even clarify what specific category of expenses they were seeking, and it was unclear what items were provided by the defendant vs. by the plaintiffs. And in Herrera v. Zumiez, Inc., 953 F.3d 1063, 1077 (9th Cir. 2020), the court merely observed in dicta that reasonable reimbursement (such as the IRS rate Plaintiff seeks here) is all that is required by the law, *not* extra reimbursement if a worker drove a fancy car or used premium gas. Under Herrera, it is clear that the IRS rate Plaintiff seeks is the best and most reasonable approximation of class members' necessary vehicle expenses.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

10

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Cal. App. 4th 1137, 1144 (2014); see also Camara v. Att'y Gen., 458 Mass. 756, 762, n. 11 (Mass. 2011) (a policy that "shifts to the … employees some of what appear to be the ordinary costs of doing business" violates the law). Courts have consistently certified such claims.[16]

**Minimum Wage**: Amazon claims that Plaintiff's Minimum Wage Claim is also not subject to class certification because "the Court would have to conduct individual mini-trials just to determine each Delivery Partner's actual work hours and, in turn, average hourly pay, in each week, over a period of years." Dkt. 103 at 20. But Amazon omits that it has tracked its drivers' movements, requiring them to use its Application to provide real-time reporting about delivery status and to record the exact time they deliver each package. Dkt. 97-1, ¶ 6. It does not matter if Waithaka sometimes finished his shifts early; Amazon's records show when he and other class members worked longer (or shorter) than scheduled as they show when they picked up and dropped off packages, allowing for calculation of their hourly rates, both before and after their mileage expenses are taken into account.[17] The fact that some drivers will not have minimum wage claims does not preclude class certification. See Gammella v. P.F. Chang's China Bistro, Inc., 120 N.E.3d 690, 701 (Mass. 2019); Cope v. Let's Eat Out, Inc., 319 F.R.D. 544, 555 (W.D. Mo. 2017).

E. **Plaintiff Waithaka is an Adequate Representative and There are No Manageability Issues That Would Defeat Certification**

---

[16] See, e.g., O'Connor, 311 F.R.D. at 567 (rejecting Uber's argument that "it should be able to contest any claim for reimbursement of phone expenses where an expense was not actually incurred, i.e., when a driver has an unlimited data plan…"); Richie v. Blue Shield of Cal., 2014 WL 6982943 (N.D. Cal. Dec. 9, 2014) (certifying class claim for phone expenses under California law and noting that "employer was required to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, even when the employee did not incur an 'extra expense' as a result of that call (for example, when the employee had an 'unlimited minutes' plan"); Cortes v. Mkt. Connect Grp., Inc., 2015 WL 5772857, *8 (S.D. Cal. Sept. 30, 2015); Herrera, 953 F.3d at 1078, n. 10.

[17] Amazon suggests Waithaka may not have even suffered a minimum wage claim and may lack standing to bring this claim. Amazon is attempting to prematurely reach the merits; Waithaka is not required to prove his claim at the outset. But in any case, it is clear that he *does* have minimum wage claims. See Shuford Declaration at ¶¶ 2-3 (showing calculations demonstrating that Waithaka did not receive Massachusetts minimum wage in a given workweek on multiple instances).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

11

Case No. 2:19-cv-01320-RSM

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Amazon's attack on Plaintiff's credibility must be rejected.[18] Even if one credits Amazon's allegations, "attacks on the class representative's credibility must be "so sharp as to jeopardize the interests of absent class members." Jammeh v. HNN Assocs., LLC, 2020 WL 5407864, at *14 (W.D. Wash. Sept. 9, 2020). But defendants' professed "concern" for class members as to the named plaintiff's adequacy should be viewed with caution, as the defendants are "playing the role of the proverbial fox guarding the henhouse." In re Organogenesis Sec. Litig., 241 F.R.D. 397, 410–11 (D. Mass. 2007); Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 895 (7th Cir. 1981).[19]

### III. CONCLUSION

Amazon's attempts to escape liability for its systemic legal violation of Massachusetts law by sowing doubt and confusion and prematurely attempting to litigate the merits, must be rejected. Plaintiff's claims are plainly capable of classwide resolution, and Plaintiff's Motion for Class Certification should be granted.

---

[18] Amazon implies that Waithaka lied about performing Uber or Lyft fares while performing AmazonFlex deliveries, but his testimony was that "I do Flex until I'm done." Dep, 159:4-7. That his records show he picked up fare for Uber and Lyft *after* completing his deliveries for Amazon and before the end of his scheduled Amazon shift (because he finished early) is entirely consistent with Waithaka's testimony. The other allegations Amazon levels have no relation to this lawsuit and do not come close to the level of the type of misrepresentation that would disqualify Waithaka; that he puffed up his resume on LinkedIn by stating that he held a manager position *twenty years ago* is hardly alarming. That his car insurance policy does not reflect that he uses his vehicle "in business" is an innocent mistake; most people do not pore of the details of their insurance policies and would not necessarily even know they need to inform their insurer if they are using their vehicle to make deliveries. Likewise, that Waithaka reported not knowing the names of other delivery drivers is unsurprising given that the work involved is solitary and drivers interact with Amazon through an online application. Waithaka need not have personal knowledge of the activities of *every* driver to render him an adequate representative.

[19] Finally, Amazon's purported manageability issues are nonexistent. Dkt. 103 at 24. All three prongs of the test are capable of classwide determination based on common evidence, and classwide damages are calculable based on Amazon's records. In any case, damages issues do not preclude certification. Leyva v. Medline Indus. Inc., 716 F.3d 510, 513 (9th Cir. 2013); Bowerman v. Field Asset Servs., Inc., 2015 WL 1321883, *13 (N.D. Cal. Mar. 24, 2015) (approving a trial plan in which "[i]f liability is established in this first phase, the parties will proceed to the second phase, in which damages will be determined" through "several possible means … including through 'individual hearings' if necessary"). Misclassification cases, particularly under the ABC test, are routinely certified.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

Case No. 2:19-cv-01320-RSM

12

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Dated: August 13, 2021

Respectfully submitted,

BERNARD WAITHAKA, on behalf of himself and all others similarly situated,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*Pro Hac Vice*)
Harold L. Lichten (*Pro Hac Vice*)
Adelaide Pagano (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
Email: sliss@llrlaw.com
Email: hlichten@llrlaw.com
Email: apagano@llrlaw.com

*s/ Michael C. Subit*
Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION -

13

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

Case No. 2:19-cv-01320-RSM

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing Reply in support of Plaintiff's Motion for Class Certification with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED: August 13, 2021     *s/ Shannon Liss-Riordan*
Shannon Liss-Riordan