UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. C19-1320RSM<br><br>ORDER TO SHOW CAUSE |

## I.   INTRODUCTION

Before the Court is Defendants Amazon.com, Inc. and Amazon Logistics, Inc. ("Amazon")'s Motion to Stay (Dkt. #113), Renewed Motion to Compel Arbitration (Dkt. #134) and Notice of Supplemental Authority (Dkt. #146) filed pursuant to Local Civil Rule 7(n) and in support of their Renewed Motion to Compel Arbitration.

## II.   BACKGROUND

Defendant Amazon sells products through various channels and contracts with independent contractors like Plaintiff Bernard Waithaka through an application-based program called Amazon Flex ("AmFlex"). *See* Dkt. #135 at 2. AmFlex drivers like Mr. Waithaka use their personal vehicles to make local deliveries. *Id.* at 4. Mr. Waithaka signed an Amazon Flex Independent Contractor Terms of Service ("TOS") as a requirement to make deliveries in the Boston Area. *See* Dkt. # 31-2 at 10. Through the TOS, Mr. Waithaka agreed to arbitrate disputes

ORDER TO SHOW CAUSE
PAGE - 1

and did not opt out of arbitration within the allotted 14 days. *Id.* However, Mr. Waithaka argues that his agreement falls within the Federal Arbitration Act ("FAA") exemption for a class of workers engaged in interstate commerce, and thus his claims are not subject to arbitration. *See* 9 U.S.C. § 1; *see also* Dkt. #140. Whether or not his agreement falls within the FAA exemption for workers engaged in interstate commerce is the key issue at this juncture of Mr. Waithaka's case.

### III.   DISCUSSION

On August 28, 2017, Mr. Waithaka commenced this putative class action in Worcester County Superior Court for the Commonwealth of Massachusetts. Dkt. #1 ¶1. On October 29, 2017, Amazon removed the case to the United States District Court for the District of Massachusetts, but the case was remanded for lack of diversity jurisdiction. On September 7, 2018, Amazon removed the action to the United States District Court for the District of Massachusetts for a second time.

On April 2, 2019, Amazon moved to compel arbitration, or in the alternative, to transfer or stay the litigation. Dkt. #29. The Honorable Judge Timothy S. Hillman denied Amazon's motion to compel arbitration but found transfer to this Court was warranted. Dkt. #59. On August 20, 2019, the case was transferred to this Court. Dkt. #60.

On appeal, the First Circuit affirmed the denial of Amazon's motion to compel arbitration. *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021), *reh'g denied*, 141 S. Ct. 2886 (2021). The Ninth Circuit reached a similar conclusion in a similar case several weeks later. *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021). Amazon sought Supreme Court review in both cases, which the Supreme Court denied. However, in June 2022 the Supreme Court decided a similar case

ORDER TO SHOW CAUSE
PAGE - 2

involving the FAA exemption. *Sw. Airlines Co. v. Saxon*, 142 S. Ct. 1783, 213 L. Ed. 2d 27 (2022).[1]  Amazon then brought their Renewed Motion to Compel Arbitration forward, arguing that *Saxon* constitutes a change in the law and the First Circuit's holding must be reassessed. Dkt. #134.  Specifically, Amazon argues that *Saxon* stands for the proposition that "last leg" drivers such as Waithaka do not belong to a class of workers directly involved in interstate transportation and thus do not fall under the FAA exemption.  *See* Dkt. #134 at 19.

On October 21, 2022, Amazon filed a Notice of Supplemental Authority informing the Court that the Supreme Court had vacated the Ninth Circuit's decision in *Carmona v. Domino's Pizza*, LLC, 21 F.4th 627 (9th Cir. 2021), which was cited at page 12 of Defendants' Renewed Motion.  *Id.* at 12.  In *Carmona*, the Ninth Circuit relied on *Rittmann v. Amazon.com*, Inc., 971 F.3d 904 (9th Cir. 2020), to conclude that certain intrastate truck drivers were exempt from the Federal Arbitration Act because of their "transportation of interstate goods on the final leg of their journey." 21 F.4th at 630.  The Supreme Court decided that the Ninth Circuit's conclusion warrants "further consideration in light of *Southwest Airlines Co. v. Saxon*, 596 U.S. ___ (2022)." *Domino's Pizza, LLC v. Carmona*, 143 S.Ct. 361, 2022 WL 9552609, at *1 (U.S. Oct. 17, 2022). Amazon argues that given the Supreme Court's decision to vacate and remand the case in light of the decision in *Saxon*, *Carmona's* application of *Rittmann* is no longer binding Ninth Circuit precedent.

Plaintiff filed a response to Amazon's Notice of Supplemental Authority.  Dkt. #147. Plaintiff argues that the Supreme Court did not grant certiorari or reverse in *Carmona*; it merely directed the Ninth Circuit to evaluate its decision on remand in light of its recent guidance in *Saxon*.  *Id.* at 2.  The Court agrees.  However, the Court is concerned whether it can determine

---

[1] On December 15, 2021, Amazon filed a Motion to Stay pending the Supreme Court's review of *Sw. Airlines Co. v. Saxon*.  Dkt. #113.  As an order has now been issued in this case, the Court denies the motion as moot.

ORDER TO SHOW CAUSE
PAGE - 3

that Mr. Waithaka's agreement falls within the FAA exemption for workers engaged in interstate commerce before the Ninth Circuit re-evaluates its decision in *Carmona* and requires full briefing on the issue.

Accordingly, the Court hereby ORDERS:

1. Plaintiff shall SHOW CAUSE no later than fourteen (14) days from the date of this Order why this case should not be stayed pending the outcome of *Carmona v. Domino's Pizza* in the Ninth Circuit.

2. Defendants shall SHOW CAUSE no later than seven (7) days from the date of this Order why this case should not be stayed pending the outcome of *Carmona v. Domino's Pizza* in the Ninth Circuit.

3. Defendants' Motion to Stay, Dkt. #113, is DENIED as Moot.

DATED this 30th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE