UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | Case No. C19-1320RSM<br><br>ORDER STAYING PROCEEDINGS |

Before the Court is Defendants Amazon.com, Inc. and Amazon Logistics, Inc.'s ("Amazon") Motion to Stay (Dkt. #113), Amazon's Renewed Motion to Compel Arbitration (Dkt. #134) and Amazon's Notice of Supplemental Authority (Dkt. #146) filed pursuant to Local Civil Rule 7(n) an in support of their Renewed Motion to Compel Arbitration. On January 30, 2023, the Court issued an Order to Show Cause why this case should not be stayed pending the outcome of *Carmona v. Domino's Pizza* in the Ninth Circuit. Dkt. #150. Defendant Amazon filed a response arguing this case should be stayed. Dkt. #151. Plaintiff Waithaka filed a response arguing this case should not be stayed. Dkt. 152. Having thoroughly considered the parties' briefing and the relevant record, the Court hereby STAYS this case pending (1) the Ninth Circuit's decision in *Carmona v. Domino's Pizza LLC*, No. No. 21-55009 (9th Cir.) and (2) the Ninth Circuit's decision in *Miller v. Amazon.com*, Inc., No. 21-36048 (9th Cir.).

ORDER TO SHOW CAUSE
PAGE - 1

A district court has broad discretion to stay proceedings, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In determining whether to grant a stay pending the result of independent proceedings, courts consider three factors: (1) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," (2) the hardship or inequity that a party may suffer in being required to go forward, and (3) the possible "damage" that may result from granting a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

As to the first factor, the Court finds that a stay will avoid the possibility that this Court's resolution on whether an Amazon Flex delivery driver is exempt from the Federal Arbitration Act will conflict with the Ninth Circuit's upcoming decisions. The legal landscape has become even more complex since the Court described it in its Order to Show Cause. First, the Court has already mentioned that in Amazon's Notice of Supplemental Authority it informed the Court that the Supreme Court had vacated the Ninth Circuit's decision in *Carmona v. Domino's Pizza*, LLC, 21 F.4th 627 (9th Cir. 2021), deciding that the Ninth Circuit's conclusion warrants "further consideration in light of *Southwest Airlines Co. v. Saxon*, 596 U.S. ___ (2022)." *Domino's Pizza, LLC v. Carmona*, 143 S.Ct. 361, 2022 WL 9552609, at *1 (U.S. Oct. 17, 2022). Second, in Amazon's Response to the Court's Order to Show Cause,

ORDER TO SHOW CAUSE
PAGE - 2

it identified that the Honorable Barbara J. Rothstein has issued a stay in *Miller v. Amazon.com, Inc.*, No. C21-0204-BJR, which also involves whether the Federal Arbitration Act exemption applies to Amazon Flex drivers (the same issue here), pending the Ninth Circuit's review of Judge Rothstein's denial of Amazon's motion to compel arbitration in which she applied *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020). And finally, third, in *Rittmann v. Amazon.com, Inc.*, No. C16-1554-JCC itself, the Honorable John C. Coughenour has allowed the parties to file a renewed motion to compel arbitration in light of recent Supreme Court arbitration cases. *See Rittmann v. Amazon.com, Inc.*, No. C16-1554-JCC, Dkt. #237).

As to the second and third factors, the Court does not take lightly the arguments made by Plaintiff Waithaka in his response to the Court's Order to Show Cause. *See* Dkt. #152. As Plaintiff explains, this case was filed more than five years ago and the issue of the applicability of the transportation worker exemption has been reviewed multiple times by multiple courts all in Plaintiff Waithaka's favor. The Court is also aware that Amazon is the defendant in both *Rittman* and *Miller* and has sent this issue up and down the courts there as well. Yet, this Court finds that the need to eliminate the potential for conflicting rulings and to promote judicial economy tips the scale in favor of a stay, especially given that decisions from the Ninth Circuit in *Carmona* and *Miller* are expected within a matter of months.

Accordingly, the Court hereby ORDERS:

1. The current case management dates are VACATED, and this action is STAYED pending the Ninth Circuit's resolution in (1) *Carmona v. Domino's Pizza LLC*, No. No. 21-55009 (9th Cir.); and (2) *Miller v. Amazon.com*, Inc., No. 21-36048 (9th Cir.).

2. Amazon's Renewed Motion to Compel Arbitration (Dkt. #134) is STRICKEN.

ORDER TO SHOW CAUSE
PAGE - 3

3. Amazon is ORDERED to refile its motion to compel arbitration, or file an updated motion to compel arbitration, within fourteen (14) days after the date the Ninth Circuit issues its mandate in *Carmona* or *Miller,* whichever is issued later.

DATED this 14th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE