THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA, *et al.*,<br><br>                Plaintiffs,<br><br>  v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>                Defendant(s). | Consolidated Action<br>Case No. 2:19-cv-01320-JCC<br><br>**JOINT STATUS REPORT** |

By Order dated June 9, 2023, the Court directed the Parties in this case and in *Rittman* (No. C16-1554-JCC) to file "within fourteen (14) days of the later-filed Ninth Circuit mandate in *Carmona* or *Miller* … "a joint status report containing proposed case management schedules for their respective cases through class certification, with due consideration given to possible renewed motions from Defendants in each case to compel arbitration and/or to dismiss and Plaintiffs' motions in each case for class certification." *Rittmann* Dkt. 289 at 2-3. Later, the Court directed only the parties in *Rittmann*.to file a joint status report "within ten (10) days of the date on which the United States Supreme Court issues its disposition of *Carmona* and of *Miller*."  On April 22, 2024, the Supreme Court denied the petition for certiorari in both matters. The Ninth Circuit entered both mandates on the same day.

JOINT STATUS REPORT – PAGE 1
Case No. 2:19-cv-01320-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

In response to the Court's Order, the Parties submit their respective positions below:

**Plaintiffs' Position**:

The stay should now be lifted, and the Court should proceed to rule on Plaintiff's Motion for Class Certification (ECF No. 97) and Defendant's Renewed Motion to Compel arbitration (ECF No. 134).  Briefing on both of those motions had been complete for more than eighteen months (since September 2022) at the time the stay was entered.

Defendants take the position that the Court struck all pending motions and that the Parties should essentially start over again from scratch.  Plaintiff instead requests that the Court reinstate these fully-briefed motions and simply allow the Parties each file simultaneous briefs addressing any new developments that would affect either pending motion (not to exceed ten (10) pages), followed by a second brief responding to the other side's submission (not to exceed ten (10) pages), at which point the Court can proceed to rule on the pending motions. This course of action would be most efficient, rather than requiring the Parties to reproduce the lengthy briefing they have already completed to date.

Furthermore, in the *Rittmann* matter, the Court already took up the question of the order in which it should decide Class Certification and Defendants' Renewed Motion to Compel Arbitration, and it ruled that it would consider Defendants' Motion to Compel arbitration *concurrent with* Plaintiff's Motion for Class Certification. *See Rittmann*, Civ. A. No. 2:16-cv-01554, ECF No. 237 at 2 ("Therefore, the motion for class certification and motion to compel arbitration shall be considered in conjunction."). As such, the Court should not permit Amazon to force a decision on its (frivolous) Renewed Motion to Compel arbitration before deciding the Motion for Class Certification, which Plaintiff originally filed more than three years ago. *See* ECF No. 97.

Significant discovery has already taken place in this case, including depositions of the named plaintiff and Defendants' Rule 30(b)(6) witness and significant document discovery, and there is no reason to delay a decision on Class Certification any further, particularly given the fact

JOINT STATUS REPORT – PAGE 2
Case No. 2:19-cv-01320-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

that this case has now been pending for more than seven years.

**Defendants' (together "Amazon") Position**:

No motions are currently pending; on February 27, 2023, the Court ordered all pending motions stricken and all case deadlines vacated. ECF No. 155. No discovery deadlines or trial deadlines had been set as of that order.

Amazon proposes that its Renewed Motion to Compel Arbitration should be refiled and decided prior to Plaintiffs' Motion for Class Certification because the Renewed Motion to Compel Arbitration presents the threshold issue of whether this case can proceed before this Court. *See e.g.*, *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018) ("[A]rbitrability is a 'threshold question' to be determined 'at the outset,' a holding consistent with the 'national policy favoring arbitration.'"); *see also Rittmann* Dkt. 289 at 2-3 (directing parties to file "a joint status report containing proposed case management schedules for their respective cases through class certification, with due consideration given to possible renewed motions from Defendants in each case to compel arbitration[.]").

A decision on the Renewed Motion to Compel Arbitration may render class certification briefing moot, but if Plaintiff can proceed to class certification, then the briefing should be renewed rather than "reinstated" as Plaintiff proposes. Amazon believes that the Parties should file renewed briefing to address interim changes in law and fact given that three years have passed since the Parties filed their original briefing and Plaintiff seeks to certify a class through the present.

Prior to the February 27, 2023 order, the Parties exchanged initial disclosures and some written discovery, Amazon took the deposition of Plaintiff Waithaka, and Plaintiff took a 30(b)(6) deposition of Amazon. Amazon anticipates that once the stay is lifted, the Parties will renew their efforts to meet and confer on written discovery and continued depositions, including, but not limited to, a 30(b)(6) deposition on topics not previously covered. Amazon also expects the Parties to meet and confer on supplementation of their prior discovery pursuant to their obligations under Rule 26(e), which may affect the arguments and evidence for the Renewed Motion to Compel

JOINT STATUS REPORT – PAGE 3
Case No. 2:19-cv-01320-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Arbitration and the Renewed Motion for Class Certification.

Amazon therefore proposes the following schedule:

1. Motion to Compel Arbitration:

    a. Amazon will file a Motion to Compel Arbitration no later than June 3, 2024.

    b. Plaintiff's Opposition will be due July 8, 2024.

    c. The noting date and deadline for Amazon to reply will be July 19, 2024.

2. In the event that the Renewed Motion to Compel Arbitration is denied:

    a. Plaintiff will file the Motion for Class Certification 30 days after an order denying the Motion to Compel Arbitration.

    b. Amazon's Opposition will be due 30 days after the filing of the Motion for Class Certification.

    c. The noting date and deadline for Plaintiff to reply will be 15 days after Amazon files its Opposition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT STATUS REPORT – PAGE 4
Case No. 2:19-cv-01320-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: May 2, 2024

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP** | **FRANK FREED SUBIT & THOMAS LLP** |
| By: *s/ Andrew DeCarlow*<br>Andrew DeCarlow, WSBA No. 54471<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 274-6400<br>Fax: (206) 274-6401<br>Email: andrew.decarlow@morganlewis.com<br><br>Richard G. Rosenblatt (*Pro Hac Vice*)<br>James P. Walsh (*Pro Hac Vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>502 Carnegie Center<br>Princeton, NJ 08540-6241<br>Telephone: (609) 919-6600<br>Fax: (609) 919-6701<br>Email: richard.rosenblatt@morganlewis.com<br>         james.walsh@morganlewis.com<br><br>Michael E. Kenneally (*Pro Hac Vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2541<br>Telephone: (202) 739-3000<br>Fax: (202) 739-3001<br>Email: michael.kenneally@morganlewis.com<br><br>*Attorneys for Defendants Amazon.com, Inc. and Amazon Logistics, Inc.* | By: *s/ Michael C. Subit*<br>Michael C. Subit, WSBA No. 29189<br>705 Second Avenue, Suite 1200<br>Seattle, Washington 98104-1729<br>Telephone: (206) 682-6711<br>Fax: (206) 682-0401<br>Email: msubit@frankfreed.com<br><br>Shannon Liss-Riordan (*Pro Hac Vice*)<br>Harold L. Lichten (*Pro Hac Vice*)<br>Adelaide Pagano (*Pro Hac Vice*)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone: (617) 994-5800<br>Fax: (617) 994-5801<br>Email: sliss@llrlaw.com<br>Email: hlichten@llrlaw.com<br>Email: apagano@llrlaw.com<br><br>*Attorneys for Plaintiff Waithaka* |

JOINT STATUS REPORT – PAGE 5
Case No. 2:19-cv-01320-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401