The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA, on behalf of himself and all others similarly situated, | Case No. 2:19-cv-01320-JCC |
| Plaintiff, | **PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION** |
| v. | NOTE DATE: August 28, 2024 |
| AMAZON.COM INC. and AMAZON LOGISTICS, INC., | ORAL ARGUMENT REQUESTED |
| Defendants. | |

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

i

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## **Table of Contents**

I.   Introduction ......................................................................................................... 1

II.  Factual Background.............................................................................................. 3

III. Argument ............................................................................................................ 7

      A.    Legal Standard............................................................................................ 7

      B.    The Class Satisfies the Requirements of Rule 23(a) ................................. 8

           1.    Cass members are so numerous that joinder is impracticable. ........... 8

           2.    The claims satisfy the commonality requirement.................................. 8

           3.    Plaintiff satisfies the typicality requirement....................................... 12

           4.    Plaintiff and his counsel adequately represent the interests of the class. ............................................................................................. 13

      C.    The Class Satisfies the Requirements of Rule 23(b) ................................ 14

           1.    Common questions predominate over questions affecting individual class members. .................................................................. 14

           2.    A class action is the superior method for addressing the drivers' claims ..................................................................................... 19

IV. Conclusion........................................................................................................ 20

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

ii

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## Table of Authorities

**Cases**

Anchem Prods., Inc. v. Windsor,
    512 U.S. 591 (1997) ..................................................... 19

Athol Daily News v. Board of Review of Div. of Employment & Training,
    439 Mass. 171 (2003) ............................................... 1, 9

Awuah v. Coverall N. Am., Inc.
    No. 1:07-cv-10287-WGY (D. Mass. Sept. 27, 2011)..................... 2

Blackie v. Barrack,
    524 F.2d 891 (9th Cir. 1975) ...................................... 7

Carey v. Gatehouse Media Massachusetts I, Inc.
    92 Mass. App. Ct. 801 (2018) ..................................... 17

Carr v. Flowers Foods, Inc.
    2019 WL 2027299 (E.D. Pa. May 7, 2019)........................... 15

Chaves v. King Arthur's Lounge, Inc.,
    Suffolk C.A. No. 2007-2505 (Mass. Super. July 31, 2009) .......... 2

Costello v. BeavEx, Inc.,
    810 F.3d 1045 (7th Cir. 2016) .............................. 3, 15, 19

Cotter v. Lyft, Inc.,
    60 F.Supp.3d 1067 (N.D. Cal. 2015)............................... 14

Coverall N. Am. V. Com'r of Div. of Unemployment Assistance
    447 Mass. 852 (2006) ............................................. 18

Cruz v. Manlo Enterprises, Inc. d/b/a Mario's Showplace ("Mario's Showplace"),
    Worcester C.A. No. 2010-01931 (Mass. Super. June 10, 2011) ...... 2

Cutter v. HealthMarkets, Inc.,
    C.A. No. 1:10-cv-11488-JLT (D. Mass. July 26, 2011)............... 2

Da Costa v. Vanguard Cleaning Sys., Inc.,
    2017 WL 4817349 (Mass. Super. Sept. 29, 2017) ................... 2

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

iii

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Dalton v. Lee Publications, Inc.,
    270 F.R.D. 555 (S.D. Cal. 2010) ................................................................... 11

Darrow v. WKRP Mgmt., LLC,
    2011 WL 2174496 (D. Colo. June 3, 2011) ................................................... 11

DaSilva v. Border Transfer of MA, Inc.
    296 F. Supp. 3d 389 (D. Mass. 2017).................................................. 2, 15, 17

De Giovanni v. Jani-King Intern., Inc.,
    262 F. R. D. 71 (D. Mass. Sep. 21, 2009) ............................................ 2, 9, 16

D'Italia v. Lowe's Home Centers, Inc.,
    No. 11-4758-BLS1 (Suffolk Super. Ct. Dec. 12, 2012) ..................... 2, 16, 17

Eisen v. Carlisle & Jacquelin,
    417 U.S. 156 (1974) ......................................................................................... 7

Furtado v. Republic Parking Sys., LLC,
    No. 19-CV-11481-DJC, 2020 WL 996849 (D. Mass. Mar. 2, 2020).......... 11

Gammella v. P.F. Chang's China Bistro, Inc.
    120 N.E.3d 690 (2019) ................................................................................... 12

Gattuso v. Harte-Hanks Shoppers, Inc.,
    42 Cal.4th 554, 569 (2007) ............................................................................ 11

Gonzalez v. XPO Last Mile, Inc.,
    2022 WL 95930 (D. Mass. Jan. 10, 2022)..................................................... 18

Hanlon v. Chrysler Corp.,
    150 F.3d 1011 (9th Cir. 1998) ................................................................... 8, 12

Hogan v. InStore Grp., LLC,
    2021 WL 91386 (D. Mass. Jan. 11, 2021)....................................................... 2

James v. Uber Techs. Inc.
    2021 WL 254303 (N.D. Cal. Jan. 26, 2021)............................... 10, 11, 14, 15

Johnson v. Serenity Transp., Inc.
    2018 WL 3646540 (N.D. Cal. Aug. 1, 2018), aff'd,
    802 F. App'x 250 (9th Cir. 2020) ................................................................. 16

Kamm v. Cal. City Dev. Co.,
    509 F.2d 205 (9th Cir.1975) .......................................................................... 19

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                        iv
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Kirby v. Cullinet Software,
    116 F.R.D. 303 (D. Mass. 1987) ..................................................................... 8

Koral v. Inflated Dough, Inc.,
    2014 WL 4904400 (D. Co. Sept. 9, 2014)..................................................... 11

Lawson v. Grubhub, Inc.,
    302 F.Supp.3d 1071 (N.D. Cal. 2018)........................................................... 17

Ludlow v. Flowers Foods, Inc.,
    2022 WL 2441295, at *6 (S.D. Cal. July 5, 2022) ........................................ 15

Madrigal v. Tommy Bahama Grp., Inc.,
    2011 WL 10511339 (C.D. Cal. June 27, 2011) ............................................... 7

Martin v. Tango's Rest., Inc.,
    969 F.2d 1319 (1st Cir. 1992) ....................................................................... 20

Martins v. 3PD, Inc.
    2013 WL 1320454 (D. Mass. Mar. 28, 2013) ............................... 1, 9, 15, 19

Massachusetts Delivery Ass'n v. Healey
    2015 WL 4111413 (D. Mass. July 8, 2015) .................................................. 10

Matamoros v. Starbucks Corp.,
    699 F.3d 129 (1st Cir. 2012) ......................................................................... 13

McLaughlin v. Liberty Mut. Ins., 224 F.R.D. 304 (D. Mass. 2004) ................................ 10, 12

Meier v. MasTec N. Am., Inc.,
    Hampden C.A. No. 13-448 (Super. Ct. Jan. 6, 2015)..................................... 2

Messner v. Northshore Univ. HealthSystem,
    669 F.3d 802 (7th Cir. 2012) ......................................................................... 19

Mogel v. UNUM Life Ins. of Am.,
    677 F. Supp. 2d 362 (D. Mass. 2009)............................................................. 7

Moreno v. JCT Logistics, Inc.
    2019 WL 3858999 (C.D. Cal. May 29, 2019)............................................... 15

Muniz v. XPO Last Mile, Inc.,
    342 F.R.D. 189 (D. Mass. 2022) ..................................................................... 2

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

v

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Neurontin Mktg. and Sale Practices Litig.,
    244 F.R.D. 89 (D. Mass. 2007) ...................................................................... 14

Norris-Wilson v. Delta-T Grp., Inc.,
    270 F.R.D. 596 (S.D. Cal. 2010) .................................................................. 13

O'Brien v. Encotech Const. Servs., Inc.,
    203 F.R.D. 346  (N.D. Ill. 2001) .................................................................. 20

O'Connor v. Uber Technologies, Inc.
    (N.D. Cal. 2015) 82 F.Supp.3d 1133............................................................ 14

O'Connor v. Uber Techs., Inc.
    311 F.R.D. 547 (N.D. Cal. 2015) .................................................................. 10

O'Connor v. Uber Techs., Inc.,
    2015 WL 5138097, at *2 (N.D. Cal. Sept. 1, 2015), rev'd on other grounds,
    904 F.3d 1087 (9th Cir. 2018) ........................................................................ 9

Ouadani v. Dynamex Operations E., LLC,
    405 F. Supp. 3d 149, (D. Mass. 2019)............................................................. 2

Overka v. American Airlines,
    265 F.R.D. 14 (D. Mass. 2010) ............................................................... 8, 20

Perez v. Safety-Kleen Systems,Inc.,
    253 F.R.D. 508, (N.D. Cal. 2008) ................................................................ 20

Raposa v. Mardi Gras Ent., Inc.,
    Hampden C.A. No. 2010-00034 (Mass. Super. Dec. 11, 2013).................... 2

Relafen Antitrust Litig.,
    218 F.R.D. 337 (D. Mass. 2003) .................................................................... 8

Reynolds v. City Express, Inc.,
    2014 WL 1758301 (Mass. Super. Jan. 8, 2014) ............................................ 2

Rivera v. Holder,
    307 F.R.D. 539 (W.D. Wash. 2015)............................................................... 7

Roman v. Jan-Pro Franchising Int'l Inc.,
    2022 WL 3046758 (N.D. Cal. August 2, 2022) .......................................... 15

Salvas v. Wal-Mart Stores, Inc.,
    452 Mass. 337 (2008) ............................................................................ 19, 20

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                    vi
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

*Sampson v. Knight Transp., Inc.*,
    2020 WL 3050217 (W.D. Wash. June 8, 2020) ........................................................... 13

*Sandoval, et al. v. M.J.F. Bowery Corp. d/b/a/ Ten's Show Club*,
    29 Mass. L. Rptr. 11 (Essex Super. July 22, 2011) .................................................... 2

*Simmons v. Kilnapp Enterprises, Inc.*,
    Essex C.A. No. 13-551 (Super. Ct. June 13, 2014) .................................................... 2

*Smilow v. Southwestern Bell Mobile Sys., Inc.*,
    323 F.3d 32 (1st Cir. 2003) ......................................................................................... 14

*Somers v. Converged Access, Inc.*,
    454 Mass. 582 (2009) ......................................................................................... 11, 15

*Soto v. Diakon Logistics (Delaware), Inc.*
    2013 WL 4500693 (S.D. Cal. Aug. 21, 2013), clarified on denial of reconsideration,
    2013 WL 5939787 (S.D. Cal. Nov. 5, 2013) ............................................................... 9

*Soto v. Diakon Logistics (Delaware), Inc.*,
    2013 WL 4500693 (S.D. Cal. Aug. 21, 2013) ............................................................. 8

*Vaquero v. Ashley Furniture Indus., Inc.*,
    824 F.3d 1150 (9th Cir. 2016). .................................................................................. 12

*Vargas v. Spirit Delivery & Distrib. Servs., Inc.*,
    2017 WL 1115163 (D. Mass. Mar. 24, 2017) ............................................................. 2

*Vasquez v. Ye Olde Lamplighter II, Inc.*,
    Worcester C. A. No. 2011-1610-D (Mass. Super. Nov. 13, 2013) ............................. 2

*Villalpando v. Exel Direct Inc.*,
    303 F.R.D. 588 (N.D. Cal. 2014) ......................................................................... 8, 14

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
    208 F.3d 296 (1st Cir. 2000) ..................................................................................... 14

*Weld v. Glaxo Wellcome Inc.*,
    746 N.E.2d 522 (2001) .............................................................................................. 19

*Zellagui v. MCD Pizza, Inc.*,
    59 F. Supp. 3d 712 (E.D. Pa. 2014) .......................................................................... 11

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

vii

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

**Statutes**

Massachusetts General L.c. 149 § 148B ....................................................... 1, 3, 15, 17

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... 1, 4, 13, 21

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

viii

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## I.    INTRODUCTION

This case is brought on behalf of Amazon Flex drivers who have performed delivery services in Massachusetts for Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (hereinafter "Amazon"). Plaintiff Bernard Waithaka alleges that he and other Amazon Flex delivery drivers are employees under Mass. Gen. L. c. 149 § 148B, and not independent contractors as Amazon has classified them. As a result of their misclassification, these drivers have been forced to bear expenses necessary to perform their job and have not been paid the minimum wage for all hours worked. These drivers also work beyond their scheduled shift to complete deliveries, without additional compensation. Plaintiff now moves for class certification under Fed. R. Civ. P. 23 for all individuals who have worked as Amazon Flex drivers in Massachusetts at any time since August 23, 2014.[1]

Class treatment is appropriate because adjudication of the putative class's claims for expense reimbursement under Mass. Gen. L. c. 149 § 148 and minimum wages under Mass. Gen. L. c. 151 §§ 1, 7 turn on the same legal question—whether Amazon Flex drivers are independent contractors or employees under Massachusetts law, Mass. Gen. L. c. 149 § 148B. Massachusetts courts have consistently recognized that it makes little sense to determine the classification of groups of workers on an individualized basis. See Athol Daily News v. Board of Review of Div. of Employment & Training, 439 Mass. 171, 181 n.14 (2003) (recognizing that inquiries into each worker's circumstances, rather than the nature of the services, would lead to inconsistent determinations for workers performing identical services); Martins v. 3PD, Inc., 2013 WL 1320454, at *8-9 (D. Mass. Mar. 28, 2013) ( "a company's employee-classification scheme applies to all individuals classified under it," making class treatment proper); De Giovanni v. Jani-King Int'l, Inc., 262 F.R.D. 71, 85 (D. Mass. 2009) (recognizing "strong

---

[1]    Plaintiffs' claims extend three years prior the Complaint's filing on August 23, 2017. See Mass. Gen. L. c. 149 § 150; Mass. Gen. Laws c. 151 § 20A.

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                     1
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

preference for rendering decisions on the classification of employees on class wide basis").

Thus, courts considering whether workers are employees or independent contractors under Massachusetts law—which applies a strict, conjunctive "ABC" test to determine employee status—have consistently certified class actions.[2]  Indeed, claims under the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, are especially suitable for certification because common evidence is used to determine whether the plaintiff's work is outside the defendant's usual course of business under the ABC test's second prong. See D'Italia v. Lowe's Home Centers, Inc., No. 11-4758-BLS1 (Suffolk Super. Ct. Dec. 12, 2012) (Billings, J.) (Ex. 1 to Liss-Riordan Decl.) at *13; De Giovanni, 262 F.R.D. at 85 ("common issues will predominate to determine whether the services performed by the class fall outside of Jani–King's usual course of business").

---

[2]    See, e.g., Muniz v. XPO Last Mile, Inc., 342 F.R.D. 189, 196 (D. Mass. 2022) Hogan v. InStore Grp., LLC, 2021 WL 91386 (D. Mass. Jan. 11, 2021); Ouadani v. Dynamex Operations E., LLC, 405 F. Supp. 3d 149, 153 (D. Mass. 2019); DaSilva v. Border Transfer of MA, Inc., 2017 WL 5196382 (D. Mass. Nov. 9, 2017); Vargas v. Spirit Delivery & Distribution Servs., Inc., 245 F. Supp. 3d 268, 273 (D. Mass. 2017); Da Costa v. Vanguard Cleaning Sys., Inc., 2017 WL 4817349 (Mass. Super. Sept. 29, 2017); Vargas v. Spirit Delivery & Distribution Servs., Inc., 2017 WL 1115163 (D. Mass. Mar. 24, 2017); Meier v. MasTec North America, Inc., Hampden C.A. No. 13-448 (Super. Ct. Jan. 6, 2015) (Ex. 2 to Liss-Riordan Decl.); Simmons v. Kilnapp Enterprises, Inc., Essex C.A. No. 13-551 (Super. Ct. June 13, 2014) (Ex. 3 to Liss-Riordan Decl.); Reynolds v. City Express, Inc., 2014 WL 1758301 (Mass. Super. Jan. 8, 2014); Raposa v. Mardi Gras Entertainment, Inc., Hampden C.A. No. 2010-00034 (Mass. Super. Dec. 11, 2013) (Ex. 4 to Liss-Riordan Decl.); Vasquez v. Ye Olde Lamplighter II, Inc., No. 2011-1610-D (Mass. Super. Nov. 13, 2013) (Ex. 5 to Liss-Riordan Decl.); D'Italia v. Lowe's Home Centers, Inc., No. 11-4758 (Suffolk Super. Dec. 12, 2012) (Exhibit 1 to Liss-Riordan Decl.); Awuah v. Coverall North America, Inc., Case No. 1:07-cv-10287, Dkt. 365 (D. Mass. Sept. 27, 2011); Cutter v. HealthMarkets, Inc., C.A. No. 1:10-cv-11488-JLT (D. Mass. July 26, 2011), Dkt. No. 57; Sandoval, et al. v. M.J.F. Bowery Corp. d/b/a/ Ten's Show Club, 2011 WL 5517330 (Essex Super. July 22, 2011); Cruz v. Manlo Enterprises, Inc. d/b/a Mario's Showplace, Worcester C.A. No. 2010-01931 (Mass. Super. June 10, 2011) (Ex. 6 to Liss-Riordan Decl.); De Giovanni v. Jani-King Intern., Inc., 262 F.R.D. 71, 84-88 (D. Mass. Sep. 21, 2009); Chaves v. King Arthur's Lounge, Inc., Suffolk C.A. No. 2007-2505 (Mass. Super. July 31, 2009) (Ex. 7 to Liss-Riordan Decl.).

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

2

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Because a defendant must satisfy all three prongs of the ABC test, courts have certified classes when commonality exists under only one prong. For instance, Prong B usually warrants certification because it turns on an inherently common (and dispositive) question—are the workers' services within the defendant's usual course of business. See note 2; Costello v. BeavEx, Inc., 810 F.3d 1045, 1060 (7th Cir. 2016) (holding that class certification may be granted when commonality and predominance exists on only Prong B).

Fed. R. Civ. P. 23's four requirements— numerosity, commonality, typicality, and adequacy—are all satisfied here. Thousands of individuals have worked as Amazon Flex drivers in Massachusetts during the relevant period, making joinder impracticable. The misclassification issue at the heart of this case is common to all those delivery drivers, as are the consequences of that misclassification. Plaintiff's experiences as an Amazon Flex driver are shared by the putative class members, and Plaintiff will serve as an adequate representative because there is no conflict between his interests and those of the class. Likewise, Plaintiff's attorneys are adequate class counsel based on their substantial experience in wage-and-hour class actions involving independent contractor misclassification under Massachusetts law.

This case also satisfies the two requirements of Fed. R. Civ. P. 23(b). Common questions predominate over individual damages issues. And a class action is superior to thousands of identical claims. For these reasons, the class should be certified.

## II.    FACTUAL BACKGROUND

Amazon is an electronic retailer and logistics company based in Seattle, Washington, which does business throughout the country, including in Massachusetts, where it fulfills customer orders using delivery drivers. See Ex. A to Liss-Riordan Decl. at p. 3 ("We fulfill customer orders in a number of ways…"; describing seller services, "We offer programs that enable sellers to grow their businesses, sell their products in our stores, and fulfill orders through us."). Order fulfillment covers the process from when a sale takes place through delivery to the

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

3

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

customer, and so it necessarily involves package delivery.

Amazon promotes efficient delivery as a key offering to its customers. See Ex. A at p. 3 (describing its consumer services: "We seek to offer our customers low prices, fast and free delivery, easy-to-use functionality, and timely customer service."). Amazon's website provides a "Shipping and Delivery" FAQ section, which includes an explanation of its Shipping Policies and subsections setting forth, for example, Amazon's "Delivery Guarantees", and Special Shipping Options (e.g., how to instruct the delivery driver to leave a large item for delivery on the "front porch", "inside the entryway", or "room of choice"). See Ex. F. Besides its regular delivery services, Amazon offers a Prime membership program that touts free "One-day delivery", "Same-day delivery" and "2-hour grocery delivery." See Ex. E ("More of what you love, delivered in more ways"); see also Ex. A at p. 3 ("[W]e offer Amazon Prime, a membership program that includes unlimited free shipping on over 100 million items…"). Ex. H (Amazon's tagline for the Flex program: "[T]hank you for delivering smiles with us!"). Amazon's 2020 SEC Report describes "faster delivery" offerings as central to its business model and planned growth. See Ex. A at 3. Indeed, Amazon identifies its "ability to… fulfill orders" and "the extent to which [it] offer[s] fast and free delivery" and "invest[s] in .. fulfillment" as key factors in its growth. Id. at 9; see also id. at 19.

Amazon considers its competitors to be other companies whose usual course of business is fulfillment and delivery.[3] Id. at p. 4 ("Our current and potential competitors include:… (5) **companies that provide fulfillment and logistics services for themselves** or for third parties, whether online or offline"); id. at p. 6. Amazon has also sought to grow its business by ensuring faster delivery through Amazon Flex drivers. See Ex. G ("Amazon has launched several initiatives to ensure fast delivery speeds and supply chain capacity for its customers, including … Amazon Flex"); see also Ex. A at p. 20.

---

[3]

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

4

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Amazon Flex drivers work in more than 50 cities in the United States, including in Massachusetts. See Ex. B. Amazon decides when to hire more Amazon Flex drivers based on its own needs, and it limits the number of spots available for new drivers accordingly. Id. Drivers must download the Amazon Flex Application on their phone and can then sign up for shifts or "delivery blocks" as they are known by Amazon. See Ex. C; see also Declaration of Bernard Waithaka ("Waithaka Decl.") at ¶ 4. Shifts are typically anywhere from two to six hours. See Ex. D; see also Waithaka Decl. ¶ 4; Ex. L (Hawrysz Dep.) at 73.

The Amazon Flex Application directs drivers to a start location for each shift, such as an Amazon warehouse, and once there, drivers are assigned items to deliver by Amazon personnel and a route that directs them where to make deliveries. Ex. C; see also Waithaka Decl. ¶¶ 5-6; Ex. L (Hawrysz Dep.) at 52; 101; 114. Drivers must scan each item at the warehouse and must scan them again, using the Application and in most cases, must take pictures of where the packages are left. Waithaka Decl. ¶ 6; Ex. L (Hawrysz Dep.) at 27-28; 115-16; 53-54. Drivers must personally deliver their packages and cannot allow others to fill in for them. Ex. L (Hawrysz Dep.) at 59 (drives "need to deliver their own packages" and cannot hire employees to make deliveries in their stead). Amazon uses mandatory facial recognition checks to verify that only the Amazon Flex driver is making deliveries. Id. at 60. Undelivered packages at the end of a shift must returned to Amazon. Ex. L (Hawrysz Dep.) at 27-28.[4]

Drivers may be penalized for many reasons, including: (1) if they deliver items late, outside the prescribed window set by Amazon, (2) if a customer does not receive an item that the driver marks as having been delivered, (3) if the driver does not return undeliverable packages to the delivery station at the end of his or her shift, or (4) if the driver fails to follow

---

[4]    Amazon's own Rule 30(b)(6) witness confirmed that the process is the same, regardless of whether the delivery is of traditional brown boxes, a "Prime Now" delivery, or Whole Foods groceries. Ex. L (Hawrysz Dep.) at 24-28; see also Ex. M (Waithaka Dep.), at 150-51.

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

5

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

customers' preferences regarding where and how to deliver items. <u>See</u> Ex. A to Lumba Decl. (Dkt. 31-2) at pp. 8-9; <u>see also</u> Waithaka Decl. ¶ 8; Ex. L (Hawrysz Dep.) at 75; 78-79; Ex. H; Ex. K (showing contractual service standards).

Drivers can cancel a shift up to 45 minutes ahead of time, but cancelling outside this window may result in their termination. Ex. C; <u>see also</u> Waithaka Decl. ¶ 8; Ex. L (Hawrysz Dep.) at 117-18; 79. In 2021, Amazon started a "points" system whereby drivers have points given or taken away based on their reliability, timely cancellation, and delivery quality. Amazon can choose to terminate or "offboard" drivers based on their "points." Waithaka Decl. ¶ 8.

Amazon maintains records of "planned mileage" for each delivery route—generated by Amazon—and if the driver follows Amazon's route, they will drive the same number of miles as the "planned mileage." Ex. L (Hawrysz Dep.) at 107; Liss-Riordan Decl. ¶ 20. Likewise, Amazon maintains time stamps and locations for when and where each item was picked up and when and where each item was delivered. Ex. L (Hawrysz Dep.) at 114; 100-01; Liss-Riordan Decl. ¶ 20.

Amazon's contract with its Amazon Flex drivers uniformly classifies the drivers as independent contractors. <u>See, e.g.</u>, Ex. A to Lumba Decl. (Dkt. 31-2) at § 2 ("This Agreement creates an independent contractor relationship, not an employment relationship."); <u>see also</u> Ex. K (comparing contracts over time). Likewise, Amazon's contract uniformly requires that drivers "will provide and maintain a mobile device compatible with the Amazon Flex app" and "any vehicle identified by you within the Amazon Flex app", with which to make deliveries. <u>Id.</u> at § 5(a); <u>see also</u> Ex. K. Vehicles must be 4-door, midsize sedans or larger. <u>See</u> Ex. D at *3. Drivers are paid what Amazon terms "service fees" in exchange for every shift or "block", and Amazon advertises that drivers will make between $18- $25 per hour in service fees while making deliveries. <u>Id.</u> Amazon unilaterally sets the service fees. Ex. A to Lumba Decl. (Dkt. 31-2) at § 3; <u>see also</u> Waithaka Decl., ¶ 7; Ex. L (Hawrysz Dep.) at 129. Amazon processes drivers'

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                    6
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

payments and pays them by direct deposit twice weekly. <u>See</u> Ex. D at *3; Ex. C at *8; Ex. L (Hawrysz Dep.) at 97. Amazon's pay formula does not ensure that drivers receive at least minimum wage. Waithaka Decl., ¶ 10; Ex. L (Hawrysz Dep.) at 130; 88-93. Amazon has also knowingly allowed Amazon Flex drivers to work more than forty hours per week during the holiday season and promotional days (e.g., Cyber Monday) but does not pay them overtime. Ex. L (Hawrysz Dep.) at 96.

Plaintiff, like all other Amazon delivery drivers in Massachusetts, performed deliveries pursuant to Amazon's policies. Plaintiff Waithaka currently drives for Amazon Flex and has done so since January 2017. Waithaka Decl., ¶ 3-4.

## III.    ARGUMENT

### A.    Legal Standard

Fed. R. Civ. P. Rule 23 provides courts with "broad discretion" to determine whether to certify a class action. <u>See</u> <u>Rivera v. Holder</u>, 307 F.R.D. 539, 545 (W.D. Wash. 2015); <u>Mogel v. UNUM Life Ins. of Am.</u>, 677 F. Supp. 2d 362, 365 (D. Mass. 2009). In exercising that discretion, courts must be mindful of the liberal standard governing class certification. <u>Payne v. Goodyear Tire & Rubber Co.</u>, 216 F.R.D. 21, 24-25 (D. Mass. 2003). "The court is bound to take the substantive allegations of the complaint as true" in determining the appropriateness of class certification. <u>Blackie v. Barrack</u>, 524 F.2d 891, 901 n. 17 (9th Cir. 1975).

In deciding a motion for class certification, courts focus on whether the requirements of Rule 23 have been satisfied. <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 178 (1974). To obtain certification, Plaintiff must show that the case meets all four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) and satisfies the "predominance" and "superiority" requirements of Rule 23(b)(3). <u>Id.</u> As described below, these categories are all satisfied here, and the Court can and should now certify a class of all individuals who have worked as Amazon Flex delivery drivers in Massachusetts at any time since August 23, 2014.

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

7

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

**B.      The Class Satisfies the Requirements of Rule 23(a)**

**1.      Cass members are so numerous that joinder is impracticable.**

A plaintiff will satisfy the numerosity requirement if "the class is so large that joinder of all members is impracticable." Hanlon v. Chrysler Corp., 150 F 3d 1011, 1019 (9th Cir. 1998). Plaintiff need not prove the precise size of the class, as the Court may make "common sense assumptions" in finding numerosity. Kirby v. Cullinet Software, 116 F.R.D. 303, 306 (D. Mass. 1987). Classes of 35-40 individuals are numerous enough to warrant class certification. See, e.g., In re Relafen Antitrust Litig., 218 F.R.D. 337, 342 (D. Mass. 2003); Villalpando v. Exel Direct Inc., 303 F.R.D. 588, 605-06 (N.D. Cal. 2014). Here, there are plainly more than forty class members. See Dkt. 3 (Bowers Decl.) at ¶ 5 (noting that between "December 18, 2016 and October 28, 2017," "thousands of Delivery Partners contracted to provide delivery services in the Commonwealth of Massachusetts."). The numerosity requirement is satisfied.

**2.      The claims satisfy the commonality requirement.**

"Rule 23(a)(2) has been construed permissively" such that "[a]ll questions of fact and law need not be common to satisfy the rule." Hanlon, 150 F.3d at 1019. When the claims arise out of a companywide practice, the commonality prerequisite is satisfied. See, e.g., Overka v. American Airlines, 265 F.R.D. 14, 18 (D. Mass. 2010) (the "commonality requirement is usually satisfied" where "implementation of [a] common scheme is alleged"). Thus, courts "have found that commonality is met when the proposed class of plaintiffs asserts that class members were improperly classified as independent contractors instead of employees." Soto v. Diakon Logistics (Delaware), Inc., 2013 WL 4500693, *4 (S.D. Cal. Aug. 21, 2013), clarified on denial of reconsideration, 2013 WL 5939787 (S.D. Cal. Nov. 5, 2013) (collecting cases).

This case readily satisfies the commonality requirement. All Amazon Flex drivers in Massachusetts have been classified as independent contractors. "Both the United States Supreme Court and the Massachusetts Supreme Judicial Court have expressed a strong preference for

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                    8
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

rendering decisions on the classification of employees on class wide basis." De Giovanni v. Jani-King Int'l, Inc., 262 F.R.D. 71, 85 (D. Mass. 2009); see also Athol Daily News, 439 Mass. at 181 n.14; Martins, 2013 WL 1320454, at *8-9; Soto v. Diakon Logistics (Delaware), Inc., 2013 WL 4500693, *4 (S.D. Cal. Aug. 21, 2013), clarified on denial of reconsideration, 2013 WL 5939787 (S.D. Cal. Nov. 5, 2013) (collecting cases); O'Connor v. Uber Techs., Inc., 2015 WL 5138097, at *2 (N.D. Cal. Sept. 1, 2015), rev'd on other grounds, 904 F.3d 1087 (9th Cir. 2018) ("[T]here is inherent tension between this argument and Uber's position on the merits: on one hand, Uber argues that it has properly classified *every single driver* as an independent contractor; on the other, Uber argues that individual issues with respect to each driver's "unique" relationship with Uber so predominate that this Court (unlike, apparently, Uber itself) cannot make a classwide determination of its drivers' proper job classification.").

Likewise, the expense reimbursement claim is subject to common proof. Plaintiff and putative class members are engaged in a common type of job performing the same task (delivering packages and other items to Amazon customers), which require them to regularly incur a common set of expenses which include gas, car maintenance, car wear and tear, insurance, and phone data charges. Waithaka Decl. ¶ 9; Ex. C at *1. Amazon's policy is to require drivers to provide their own vehicles and phones, see Ex. D at *2, and its uniform compensation systems does not reimburse drivers for any of these expenses. Ex. A to Lumba Decl. (Dkt. 31-2) at § 5(a); Waithaka Decl. ¶ 9; Ex. L (Hawrysz Dep.) at 92:19-93:2 ("The pricing is not being generated on kind of a route-by-route basis."). Thus, whether this policy violates Mass. Gen. L. c. 149 § 148 is a question common to the class.[5] When all workers are

---

[5]    In Awuah v. Coverall North America Inc., 460 Mass. 484, 494 (2011), the Massachusetts Supreme Judicial Court ruled that workers who were misclassified as independent contractors were entitled to reimbursement of fees they had to pay to obtain their jobs, along with reimbursement for expenses like insurance payments under the Massachusetts Wage Act.  See also Camara v. Attorney Gen., 458 Mass. 756, 763 n. 11 (2011) (a policy that "shifts to the … employees some of what appear to be the ordinary costs of doing business" violates the Wage

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                    9
Case No.. 2:19-cv-01320-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

subject to a common employment practice like this, the commonality requirement is satisfied. See McLaughlin v. Liberty Mut. Ins., 224 F.R.D. 304, 309-10 (D. Mass. 2004) (commonality satisfied where plaintiffs "were all employed by the defendant" and their claims arose "out of the same policies and wrongful conduct of the [d]efendant, and [were] based on the same legal theories"); O'Connor v. Uber Techs., Inc., 311 F.R.D. 547, 567 (N.D. Cal. 2015) ("[t]o even access the Uber app, a smart phone and data plan is required" such that "like a vehicle, phone expenses are plainly required for every Uber driver, as it would be impossible to be an Uber driver without these items."); Id. at 566 ("certifying vehicle-related and phone expenses will not cause individualized issues to predominate."); James, 2021 WL 254303, at *7 (same). Amazon has tracked "planned mileage" for its delivery routes and has information on where the packages were picked up and dropped off. Ex. L (Hawrysz Dep.) at 107:18-25; Ex. L. From this information, damages are easily ascertainable, using the IRS reimbursement rate.[6] See, e.g., O'Connor, 311 F.R.D. at 566 (certifying expense claim for mileage driven for Uber; approving use of IRS reimbursement rate); James, 338 F.R.D. at 139; Furtado v. Republic Parking Sys., LLC, 2020 WL 996849, at *5 (D. Mass. Mar. 2, 2020) (endorsing mileage expense reimbursement under Massachusetts law).[7]

---

Act); Massachusetts Delivery Ass'n v. Healey, 2015 WL 4111413, *6 (D. Mass. July 8, 2015) (noting that liability under § 148B would require courier company "to supply company vehicles to its couriers who currently use their own vehicles for deliveries, . . . [or] [a]lternatively, …[to] forego investment in delivery vehicles and instead reimburse courier-employees for the miles they drive in their own cars"); Martins, 2014 WL 1271761, *7-10 (delivery company violated § 148 by requiring delivery drivers – who were adjudicated to be employees under Mass. Gen. L. c. 149 § 148B – to bear expenses).

[6]    The mileage records Waithaka kept on his own would not be the basis for calculating his damages; these are records that Waithaka kept because Amazon did not provide him or other Amazon Flex drivers with access to the mileage it calculated for each delivery route, forcing him to keep his own imperfect records for the purpose of filing his taxes.

[7]    See also Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal.4th 554, 569 (2007) (IRS reimbursement rate is considered a generally permissible measure of vehicle expenses); Dalton v. Lee Publications, Inc., 270 F.R.D. 555, 564 (S.D. Cal. 2010); Zellagui v. MCD Pizza, Inc., 59

---

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

10

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Amazon may argue that each class member would need to prove that they incurred necessary expenses *that exceeded* the expenses Amazon allegedly already included in its base pay. Any such argument is unavailing under Massachusetts law. See Somers v. Converged Access, Inc., 454 Mass. 582, 594 (2009) (rejecting defendants' argument that "had they known they were obliged to pay overtime, they would have paid the employee a lower wage for the first forty hours worked in a week."). But such arguments go to the merits, and what matters for class certification is that drivers are compensated uniformly through service fees that Amazon unilaterally set (and which do not include a set mileage component or other portion that is denominated as expense reimbursement). Indeed, Amazon's Rule 30(b)(6) deponent made clear that pay is not set differently depending on the length of a particular route or how much mileage a driver is likely to incur to for a set of deliveries. See Ex. L (Hawrysz Dep.) at 92-93 ("The pricing is not being generated on kind of a route-by-route basis.").

Finally, Plaintiff's claims that Amazon has failed to pay minimum wage for all hours worked likewise satisfies the commonality requirement. Because Amazon keeps records of when individual deliveries are made, it will be simple to determine hours for which drivers were unpaid by comparing the time of the shift or "block" for which drivers were paid versus the actual time it took drivers to deliver all of their assigned packages. It does not matter if Waithaka or other class member sometimes finished his shifts early; Amazon's records show when he and other class members worked longer (or shorter) than scheduled as they show when they picked up and dropped off packages, allowing for calculation of their hourly rates, both before and after their mileage expenses are considered. Even if this calculation did require an individualized inquiry, it is well recognized that "damage calculations alone cannot defeat class

---

F. Supp. 3d 712, 721 (E.D. Pa. 2014); Koral v. Inflated Dough, Inc., 2014 WL 4904400, *3 (D. Co. Sept. 9, 2014); Darrow v. WKRP Mgmt., LLC, 2011 WL 2174496, *4 (D. Colo. June 3, 2011).

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

11

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

certification." <u>Vaquero v. Ashley Furniture Indus., Inc.</u>, 824 F.3d 1150, 1155 (9th Cir. 2016).

Likewise, the fact that some drivers may not have minimum wage claims does not preclude class

certification. <u>See</u> <u>Gammella v. P.F. Chang's China Bistro, Inc.</u>, 120 N.E.3d 690, 701 (Mass.

2019); <u>Cope v. Let's Eat Out, Inc.</u>, 319 F.R.D. 544, 555 (W.D. Mo. 2017).

### 3. Plaintiff satisfies the typicality requirement.

Rule 23(a)(3) provides that class certification is appropriate where the claims of the

representative plaintiffs are typical of the claims of the class as a whole. Typicality is "not

highly demanding because the claims only need to share the same essential characteristics, and

need not be identical." <u>Payne</u>, 216 F.R.D. at 24-25 (internal quotation marks and citation

omitted); <u>see also</u> <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1020 (9th Cir. 1998)

("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent

class members; they need not be substantially identical."). "For purposes of demonstrating

typicality, [a] sufficient nexus is established if the claims or defenses of the class and the class

representative arise from the same event or pattern or practice and are based on the same legal

theory." <u>In re Relafen</u>, 231 F.R.D. at 69 (internal quotation omitted); <u>see also</u> <u>McLaughlin</u>, 224

F.R.D. at 309-10 (typicality satisfied where plaintiffs "were all employed by the defendant" and

their claims arose "out of the same policies and wrongful conduct of the [d]efendant, and [were]

based on the same legal theories").

Here, there are no factual distinctions between Plaintiff Waithaka's claims and those of

putative class members. Waithaka predicates his claims on Amazon's uniform practice of

misclassifying drivers as independent contractors (and failing to reimburse them for business

expenses and pay them minimum wage for all hours worked). <u>See</u> Dkt. 1-1; Waithaka Decl. ¶¶

9-10; <u>see also</u> Dkt. 106-3 at ¶¶ 2-3. Indeed, the claims of the named plaintiff here are not merely

typical of the claims of the proposed class but are, in fact, identical. <u>See</u> <u>Sampson v. Knight</u>

<u>Transp., Inc.</u>, 2020 WL 3050217 *4 (W.D. Wash. June 8, 2020); <u>Norris-Wilson v. Delta-T Grp.</u>,

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

12

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Inc., 270 F.R.D. 596, 605 (S.D. Cal. 2010).

### 4. Plaintiff and his counsel adequately represent the interests of the class.

To meet the adequacy requirement of Fed. R. Civ. P. 23(a)(4), courts require "(1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." Dalton, 270 F.R.D. at 560. First, there is no potential conflict between Waithaka and the other class members since they are challenging practices applied uniformly to all class members. Similarly, Plaintiff Waithaka's interests do not differ from those of the whole class, in that he seeks to benefit the proposed class by obtaining damages for those class members.[8] Plaintiff has also retained counsel with extensive expertise and experience in prosecuting wage and hour cases, in particular cases alleging independent contractor misclassification and with the resources to represent the class effectively. Lichten & Liss-Riordan, P.C. has been widely recognized as one of the nation's leading plaintiffs' firms representing workers in wage and hour litigation. Attorney Liss-Riordan has been noted as one of the top plaintiffs' lawyers nationally for her work on behalf of low-wage workers in class actions. Liss-Riordan Decl. ¶¶ 3-5. She has obtained ground-breaking victories in wage and hour cases involving independent contractor misclassification. Id. at ¶¶ 6-7.[9] Thus, Plaintiff and his counsel have satisfied the adequacy

---

[8]     If Amazon attempts to argue that the named plaintiff is not an adequate class representative because some Amazon Flex drivers want to be classified as independent contractors, that argument should be rejected. "It will almost always be the case that some putative class members are happy with things as they are." Norris–Wilson, 270 F.R.D. at 606; Matamoros v. Starbucks Corp., 699 F.3d 129, 138 (1st Cir. 2012) ("an interest by certain putative class members in maintaining the allegedly unlawful policy is not a reason to deny class certification.").

[9]     See, e.g., James v. Uber Techs. Inc., 2021 WL 254303 (N.D. Cal. Jan. 26, 2021); Cotter v. Lyft, Inc., 60 F.Supp.3d 1067 (N.D. Cal. 2015); O'Connor v. Uber Technologies, Inc. 82 F.Supp.3d 1133 (N.D. Cal. 2015) (same); see also Liss-Riordan Decl. at ¶¶ 3-7.

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

13

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

requirement of Rule 23(a).[10]

### C.    The Class Satisfies the Requirements of Rule 23(b)

#### 1.    Common questions predominate over questions affecting individual class members.

"Predominance is satisfied upon showing that a sufficient constellation of common issues bind class members together." <u>Waste Mgmt. Holdings, Inc. v. Mowbray</u>, 208 F.3d 296 (1st Cir. 2000). The requirement is "merely that common issues predominate, not that all issues be common to the class." <u>Smilow v. Southwestern Bell Mobile Sys., Inc.</u>, 323 F.3d 32, 39 (1st Cir. 2003).[11] "A court evaluating predominance must determine whether the elements necessary to establish liability [here, any of the § 148B's three prongs] are susceptible to common proof or, if not, whether there are ways to manage effectively proof of any element that may require individualized evidence." <u>Villalpando</u>, 303 F.R.D. at 608.

Common questions about liability predominate for the same reasons that the proposed class satisfies Rule 23(a)'s commonality requirement – the core claims of all class members turn on the legality of Amazon's misclassification of Amazon Flex drivers. By its plain terms, Mass. Gen. L. c. 149 § 148B's test is conjunctive, meaning that Amazon Flex drivers are Amazon's employees for purposes of the Massachusetts wage laws unless Amazon can satisfy ***all three*** prongs of the test. See <u>Somers v. Converged Access, Inc.</u>, 454 Mass. 582, 590-91 (2009)

---

[10]    Plaintiff's counsel has also associated with local counsel who are highly experienced in litigating class action wage and hour cases.  Michael C. Subit of Frank Freed Subit & Thomas has spent his career litigating employment and civil rights cases.  He was named "Lawyer of the Year" in the field of Labor and Employment Litigation in Seattle in 2016 and has been named a Washington "Super Lawyer" in Labor & Employment.  See https://www.frankfreed.com/Our-Attorneys/Michael-C-Subit.aspx.

[11]    "Where common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied . . . ." <u>In re Neurontin Mktg. and Sale Practices Litig.</u>, 244 F.R.D. 89, 106 (D. Mass. 2007) (internal quotation marks and citations omitted).  Thus, class certification is "appropriate where common issues of law and fact . . . form the nucleus of a liability claim." <u>Smilow</u>, 323 F.3d at 39.

("[U]nless [the defendant] were to prove at trial the three criteria required to establish that the plaintiff was an independent contractor under G.L. c. 149, §148B the plaintiff, as a matter of law, *was* an employee").

Thus, under Massachusetts law, Plaintiff and putative class members will be successful on their misclassification claims unless Amazon can prove: (1) drivers are free from Amazon's control and direction; (2) drivers' services were performed outside of Amazon's usual course of business; *and* (3) drivers were customarily engaged in an independently established trade, occupation, profession or business.  Mass. Gen. L. c. 149, § 148B(a). While Plaintiff submits that common evidence can be used to determine all three prongs, because the test is conjunctive, commonality as to one prong warrants certification. See, e.g., Costello v. Beavex, 810 F. 3d at 1060; see also James v. Uber Techs. Inc., 2021 WL 254303, at *7 (N.D. Cal. Jan. 26, 2021) (certifying class based on commonality of Prongs A & B); Roman v. Jan-Pro Franchising Int'l Inc., 2022 WL 3046758 (N.D. Cal. August 2, 2022) (certifying class of cleaning franchisees claiming misclassification under Prong B); Ludlow v. Flowers Foods, Inc., 2022 WL 2441295, at *6 (S.D. Cal. July 5, 2022) (finding common questions predominated as to Prongs A and B and certifying the class); Moreno v. JCT Logistics, Inc., 2019 WL 3858999, at *13 (C.D. Cal. May 29, 2019) (certifying class on Prong B alone); Carr v. Flowers Foods, Inc., 2019 WL 2027299, at *20 (E.D. Pa. May 7, 2019) ("[B]ecause two of the three factors of the ABC test are readily provable through common evidence—and Plaintiffs need only establish one to prevail on their claim—their employee status is susceptible to class-wide determination."); see also DaSilva v. Border Transfer of MA, Inc., 296 F. Supp. 3d 389, 400 (D. Mass. 2017); Martins v. 3PD, Inc., 2013 WL 1320454, at *6 (D. Mass. Mar. 28, 2013).

Certification is most obviously appropriate under Prong B of the "ABC" test, which requires the alleged employer to demonstrate that the work performed by the plaintiff is outside its usual course of business. See Mass. Gen. L. c. 149 § 148B(a)(2). The defendant's "usual

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

15

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

course of business" will obviously be proven through common evidence and will not vary from one worker to another. See Lowes, Ex. 1, at *13 ("Lowe's either is in the businesses of kitchen and bath remodeling, or it isn't."); De Giovanni, 262 F.R.D. at 84–85 ("With respect to prong two, the defendants do not assert that any individualized issues would complicate the identification of (1) the types of businesses operated by the purported class or (2) the type of business operated by Jani–King…"); see also Johnson v. Serenity Transp., Inc., 2018 WL 3646540, at *11 (N.D. Cal. Aug. 1, 2018), aff'd, 802 F. App'x 250 (9th Cir. 2020) (certifying class under California's identical ABC test; "whether Plaintiffs provide services within Serenity's usual course of business is subject to common proof because Serenity defines itself as a mortuary transportation service and all drivers perform the same work: mortuary delivery services.").

      Here, Amazon defines its *own* activities as including package delivery and logistics services – even in filings to the government. For instance, in its 2020 Securities and Exchange Commission ("SEC") filing, Amazon states, "**[t]o increase sales of products and services, we focus on** improving all aspects of the customer experience, including lowering prices, improving availability**, [and] offering faster delivery and performance times**." Ex. C at p. 19. Its filings often mention "order fulfillment" as a central part of its business, of which last-mile delivery is a critical component. Id. at p. 3. In press releases, Amazon promotes the Flex program as one of its "initiatives to ensure fast delivery speeds and supply chain capacity for its customers", alongside efforts like expanding its own cargo aircraft fleet and trucking capacity. See Ex. G. Amazon also holds itself out to the public as offering package delivery service, using the lure of unlimited free shipping to attract customers to its Amazon Prime membership program; its website touts free "One-day delivery", "Same-day delivery," and "2-hour grocery delivery." See Ex. E. Its website also includes a "Shipping and Delivery" FAQ section, including its Shipping Policies, "Delivery Guarantees", and Special Shipping Options. See Ex. F. Indeed, Amazon-

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

16

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

branded boxes and packages are ubiquitous, see Waithaka Decl. ¶ 5, and the public considers Amazon to be in the business of fulfilling online retail delivery orders. As a result, class certification is warranted under Prong B because all putative class members perform the same services (delivery services). Whether that service forms part of Amazon's usual course of business is be capable of common resolution across the class.[12]

While Plaintiff need not establish commonality under Prongs A and C, adjudication of these prongs would likewise turn on common evidence. Under Prong A, the issue is whether the alleged employer has the *right* to exercise control over the worker's performance. DaSilva v. Border Transfer of MA, Inc., 296 F. Supp. 3d 389, 400 (D. Mass. 2017). This question would go to Amazon's *contractual* right to control drivers, which will be the same, based on Amazon's uniform contracts with drivers. D'Italia, No. 11-4758-BLS1 (Ex. 1 to Liss-Riordan Decl.) at *13. Here, Plaintiff relies on Amazon's contracts with drivers and its policies related to hiring, firing, discipline, and payment of drivers as "common proof" of control. These policies remained constant throughout the class period with only minor variations. See Ex. K (contract comparison).

Under Prong C, the issue is whether the worker is "customarily engaged in an independently established" business of the same nature as the work performed for the putative employer. The Massachusetts Supreme Judicial Court in Coverall N. Am. V. Com'r of Div. of Unemployment Assistance, 447 Mass. 852, 859 (2006), made clear that the relevant examination under Prong C is whether the individual performs the services under his or her own "hat",

---

[12]    Amazon may argue that it has multiple courses of business, in addition to providing order fulfillment and delivery service to customers. However, Prong B does not require that the services provided are in the defendant's *only* course of business. See Carey v. Gatehouse, 92 Mass. App. Ct. 801, 806-07, 811 (2018) (holding that companies may have multiple lines of business under Prong B, and drivers were employees where they provided services within one of those businesses). See also Lawson v. Grubhub, Inc., 302 F.Supp.3d 1071, 1090 (N.D. Cal. 2018) (finding delivery driver provided services within GrubHub's usual course of business, even though GrubHub had multiple lines of business).

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                        17
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

reflecting an independently established business, or wears the hat of the employer. In <u>Coverall</u>, the Court held that a cleaning worker who was classified as an independent contractor franchisee was an employee for unemployment purposes. In that case, the Court relied on the defendant's inability to satisfy Prong C because the cleaning worker – even though she could work for other cleaning companies or could expand her business beyond the clients assigned to her by the defendant – wore the "hat" of the defendant when she was performing services for the defendant's customers. Similarly, here, Amazon drivers "wear the hat" of Amazon when transporting Amazon's packages to Amazon's customers, not the hat of their own independent business. Even if they drive for other "gig economy" companies, or have their own independent delivery business, when they transport packages for Amazon, they do so in the name of Amazon and subject to Amazon's terms and policies. Thus, while commonality is clear in this case with respect to Prong B – and that is sufficient for Plaintiff to win class certification – Plaintiff also satisfies the commonality test under Prongs A and C as well.

Plaintiff's underlying claims for expense reimbursement and minimum wage likewise turn on common issues—Amazon's failure to reimburse drivers for those expenses, causing earnings to fall below the minimum wage. Any individualized questions (in terms of amounts of damages, etc.) are secondary to the predominant questions of whether drivers performed services in the usual course of Amazon's business (or whether they performed services under its direction and control). <u>See</u> <u>Gonzalez v. XPO Last Mile, Inc.</u>, 2022 WL 95930, at *7 (D. Mass. Jan. 10, 2022) ("The crucial liability question is whether the class should have been classified as XPO employees… [T]hat individual issues may arise with respect to deductions -- one aspect of the class's alleged damages -- is not enough to defeat class certification at this stage"); <u>Costello</u>, 810 F.3d at 1060 ("the common answer on prong two 'represent[s] a significant aspect of [a] case and ... can be resolved for all members of [a] class in a single adjudication.'") (quoting <u>Messner v. Northshore Univ. HealthSystem</u>, 669 F.3d 802, 815 (7th Cir. 2012)); <u>Martins</u>, 2013

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                18
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

WL 1320454, at *6 ("Not only does [prong two] present common issues of law and fact, but only evidence common to the class is relevant to this consideration"); Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 364 (2008) ("Class certification may be appropriate where common issues of law and fact are shown to form the nucleus of a liability claim, even though the appropriateness of class action treatment in the damages phase is an open question."); Weld v. Glaxo Wellcome Inc., 434 Mass. 81, 92 (2001) (noting that even if "an individualized inquiry is necessary to determine damages… [that] does not preclude class certification where all other requirements are met." ). Because common issues predominate, class treatment is appropriate.

### 2. A class action is the superior method for addressing the drivers' claims

The superiority requirement is designed to ensure the "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents to court at all." Anchem Prods., Inc. v. Windsor, 512 U.S. 591, 617 (1997). A district court has "broad discretion" in determining whether class treatment is superior. Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir.1975).

The following factors are pertinent to this analysis:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

A class action is the superior method here. Forcing each driver to bring individual challenges to Amazon's practices would result in increased expenses, duplication of discovery, the potential for inconsistent results, and more strain on judicial resources. Moreover, the fact

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

19

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

that individual drivers might not vindicate their statutory rights would undermine the effectiveness of those rights, which protect workers and ensure fair competition.[13] See Overka, 265 F.R.D. at 24 ("class adjudication is superior in the employment context because fear of employer retaliation may have a chilling effect on employees bringing claims on an individual basis."); see also Perez v. Safety-Kleen Systems, Inc., 253 F.R.D. 508, 520 (N.D. Cal. 2008); O'Brien v. Encotech Const. Servs., Inc., 203 F.R.D. 346, 350 (N.D. Ill. 2001) (noting that workers' fear of employer retaliation is "a very important concern" because the "nature of the economic dependency involved in the employment relationship is inherently inhibiting."). Allowing Plaintiff to prosecute claims on behalf of the proposed class resolves these issues and provides a more efficient method of litigation.

Finally, this case offers a readily identifiable class of people in a limited geographical area (Massachusetts), which presents no unusual management problems. Thus, for all these reasons, the superiority requirement of Rule 23(b) has been met.

## IV.    CONCLUSION

For the foregoing reasons, the Court certify a class of all Amazon Flex delivery drivers who have worked in the Commonwealth of Massachusetts at any time since August 23, 2014.

Dated: August 1, 2024

*I certify that this memorandum contains 8,279 words in compliance with the Local Civil Rules.*

By:    s/ Shannon Liss-Riordan
       Shannon Liss-Riordan (*pro hac vice*)
       Harold L. Lichten (*pro hac vice*)
       Jeremy Abay (*pro hac vice*)
       LICHTEN & LISS-RIORDAN, P.C.

---

[13]    See Somers, 454 Mass. at 592 (enforcement is important not only because wage laws protect employees, but because they protect the government and competitors); Salvas, 452 Mass. at 368-69, 370-71 (emphasizing importance of class actions); Martin v. Tango's Restaurant, Inc., 969 F.2d 1319, 1324 (1st Cir. 1992) (recognizing that wage laws are "intended to protect complying competitors . . . in addition to making the employee whole"); Western States Trucking Association v. Becerra 2020 WL 1032348, at *3 (C.D. Cal. Mar. 2, 2020) (same).

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION                    20
Case No.. 2:19-cv-01320-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
 (206) 682-6711
msubit@frankfreed.com

*Attorneys for Plaintiff*

PLAINTIFFS' RENEWED MOT.
FOR CLASS CERTIFICATION
Case No.. 2:19-cv-01320-JCC

21

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116