THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMAZON.COM INC., *et al.*,<br><br>　　　　　　　　　Defendants. | CASE NO. C19-1320-JCC<br><br>MINUTE ORDER |

　　　　The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

　　　　This matter comes before the Court *sua sponte*. Plaintiff's second motion for class certification (Dkt. No. 172) is presently before the Court. After reviewing the briefing to date, the Court concludes that supplemental briefing is required to fully understand the "common answers apt to drive the resolution of [this] litigation." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

　　　　The Court seeks argument as to why the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 (2009), requires employers to pay employee business expenses, rather than forbids the unlawful wage deductions considered in, for example, *Camara v. Att'y Gen.*, 941 N.E. 2d 1118, 1119 (Mass. 2011) (deduction from wages for damages caused by employee), *Awuah v. Coverall N. Am., Inc.*, 952 N.E. 2d 890, 897–901 (Mass. 2011) (various deductions from "wages

earned"), *DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389, 396 (D. Mass. 2017) (deductions from pay for uniforms and damage claims), and *Martins v. 3PD, Inc.*, 2013 WL 1230454, slip op. at 1 (D. Mass. 203) ("Under Massachusetts wage law, an employer may not *deduct* certain expenses from its payment to employees") (emphasis added).

Plaintiffs shall submit a supplementary brief on the issue described above, not exceeding six pages of argument (excluding declarations and exhibits), no later than October 29, 2024. Defendants shall file a response supplementary brief, also not exceeding six pages of argument, no later than November 12, 2024. Plaintiffs may file a reply supplementary brief, not exceeding four pages, no later than November 19, 2024.

The Clerk is, therefore, directed to renote the motion to certify the class to November 19, 2024.

DATED this 15th day of October 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk
