Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNARD WAITHAKA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC., AMAZON LOGISTICS, INC.,

Defendants

Case No. 2:19-cv-01320-JCC

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO CLASS CERTIFICATION**

DEFENDANTS' SUPPLEMENTAL BRIEF
IN OPPOSITION TO CLASS CERTIFICATION
CASE NO. 2:19-CV-01320-JCC

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVE., SUITE 3000
SEATTLE, WA 98101
TELEPHONE: (206) 274-0154
FAX: (206) 274-6401

The absence of on-point cases supporting Plaintiff's argument speaks volumes. Mass. Gen. Laws ch. 149 § 148 does *not* require expense reimbursement; it simply forbids unlawful withholding or deductions from earned wages. And, even if an expense-reimbursement claim were cognizable, individualized evidence is needed to determine whether any Delivery Partner ("DP") suffered *unreimbursed* expenses—so this Court should deny class certification under the Ninth Circuit's decision in *Bowerman v. Field Asset Servs., Inc.*, 60 F.4th 459, 469-70 (9th Cir. 2023).

### A.   The Massachusetts Wage Act Contains No Reimbursement Requirement.
#### 1.   *The text of the Wage Act does not require expense reimbursement.*

There is no language in the Wage Act that imposes a requirement to reimburse business expenses; indeed, the Wage Act does not mention expenses or reimbursements. *See* M.G.L. ch. 149 § 148. The Act requires only that employers pay each employee "the wages earned by him." *Id.*[1] Wages include pay "having been earned during a particular pay period," as well as "commissions, less allowable or authorized deductions," and "holiday or vacation pay due an employee under an oral or written agreement." *Id.* Employers may not "exempt [themselves] from this section"—i.e., withhold "wages earned"—by "special contract" or "any other means." *Id.*

Plaintiff ignores the Act's text entirely, opting to read into a statute focused solely on traditional wages a distinct expense-reimbursement requirement that is simply not there.[2] This Court should not follow suit. The Massachusetts Supreme Judicial Court (SJC) has held in the context of the Wage Act that "we will not add language to a statute where the Legislature itself has not done so." *Tze-Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 712-13 (2018); *see Prozinski v.*

---

[1] The Wage Act's Title is: "Payment of wages; commissions; exemption by contract; persons deemed employers; provision for cashing check or draft; violation of statute." M.G.L. ch. 149 § 148. Nothing in that title—which is "part of" the Act and "relevant as a guide to legislative intent," *Com. v. Savage*, 31 Mass. App. Ct. 714, 716 n.4 (1991) (citation omitted)—suggests any requirement to reimburse expenses (as opposed to pay for earned wages and commissions).

[2] Very few states require expense reimbursement, and those that do specify that requirement clearly. *See, e.g.*, 820 ILCS 115/9.5 ("An employer shall reimburse an employee for all necessary expenditures … incurred by the employee within the employee's scope of employment[.]"); N.D. Cent. Code § 34-02-01 ("An employer shall indemnify [employee] … for all that the employee necessarily expends or loses in direct consequence of the discharge of the employee's duties"). The Wage Act contains no similar language, indicating no expense-reimbursement requirement.

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO CLASS CERTIFICATION - 1
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

*Ne. Real Est. Servs., LLC*, 59 Mass. App. Ct. 599, 603 (2003) (noting the Wage Act has been construed "narrowly"); *Sterling Res., Inc. v. Pietrobono*, 2005 WL 3116758, at *13 (D. Mass. 2005) (same). And generally, courts should not "read into" statutes "a provision which the Legislature did not see fit to put there." *Chin v. Merriot*, 470 Mass. 527, 537 (2015); *see Frechette v. D'Andrea*, 494 Mass. 167, 177 (2024) ("If the Legislature intended the Commonwealth and its taxpayers to assume the much greater expense [advocated for], it would have said so expressly.").

The Wage Act requires "prompt and full payment of wages due," nothing more. *Camara v. Att'y Gen.*, 458 Mass. 756, 759 (2011); *Grogan v. All My Sons Bus. Dev. LLC*, 552 F. Supp. 3d 142, 145-46 (D. Mass. 2021) ("The 'purpose' of the Wage Act is 'to prevent the unreasonable detention of wages[.]'"). A wage is "earned" when the employee has "completed the labor, service, or performance required of him." *Ma. State Police Comm'n'd Offs. Ass'n v. Com.*, 462 Mass. 219, 224-26 (2012) (quoting *Awuah v. Coverall N. Am., Inc.*, 460 Mass. 484, 492 (2011)). The Act "does not specify the conditions in which an employee 'earns' wages." *Clee v. MVM, Inc.*, 91 F. Supp. 3d 54, 62-63 (D. Mass. 2015). It simply requires payment of wages agreed to in the parties' contract. *See Grogan*, 552 F. Supp. 3d at 145-46 ("parties are free to use whatever compensation structure they see fit"); *Salerno v. Baystate Ford, Inc.*, 2016 WL 513747, at *3-4 (Mass. Super. 2016) (employer must keep wage-related promises); *Tze-Kit Mui*, 478 Mass. at 713-14.

Under these definitions, incurred expenses are not earned wages. As long as "the employer pays each of its employees all 'wages earned' in a timely manner," there is no Wage Act violation. *Grogan*, 552 F. Supp. 3d at 145-46. Indeed, a Massachusetts district court twice held that an arrangement in which employees were not reimbursed for supplies and equipment did not implicate the Wage Act because "[t]here is no statute proscribing the parties from agreeing to this cost shifting so long as [the employee] earns at least minimum wage." *Awuah v. Coverall N. Am., Inc.*, 740 F. Supp. 2d 240, 243 (D. Mass. 2010); *see Awuah v. Coverall N. Am., Inc.*, 2012 WL 910260, at *1 (D. Mass. 2012) (reaffirming decision as to costs of equipment and supplies following SJC's decision in *Awuah*, 460 Mass. at 495, that workers' compensation costs cannot be

DEFENDANTS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO CLASS CERTIFICATION - 2
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

shifted to employees). Here, Plaintiff makes no claim that Amazon ever withheld the Service Fees it agreed to pay DPs, Dkt. 178 at 20, so there is no arguable Wage Act claim.

### 2. Case law does not create an expense reimbursement requirement.

Given the Act's clear text, it is no surprise that neither the SJC nor any Massachusetts court has ever held that the Wage Act requires expense reimbursements. Courts that have addressed the issue have held that the "Act does not … prohibit an employer and employee from entering into an agreement in which the employee agrees to pay for certain job-related expenses." *Driscoll v. Worcester Telegram & Gazette Corp.*, 2009 WL 3839067, at *2 (Mass. Super. 2009); *Awuah*, 740 F. Supp. 2d at 24 (employees may bear equipment and supply expenses); *see also Martins v. 3PD, Inc.*, 2013 WL 1320454, at *8 (D. Mass. 2013) (to state a "Wage Act claim, Plaintiffs must ultimately show that 3PD made improper *deductions* from their pay") (emphasis added).

Courts have held certain kinds of wage deductions to be improper, but those holdings plainly do not apply here. As this Court noted, *Camara*, *Awuah*, and other cases involved "deductions from 'wages earned.'" Dkt. 182 at 1-2. Employers may not deduct wages to cover costs statutorily imposed on employers, such as workers' compensation insurance, *Awuah*, 460 Mass. at 487; they cannot enter "special contracts" to deduct costs such as damage the employee may cause to company trucks or third-party property, *Camara*, 458 Mass. at 758-762; and they cannot renege on contractually agreed-to payments, *Furtado v. Rep. Parking Sys. LLC*, 2020 WL 996849, at *1-2 (D. Mass. 2020). The SJC has explained that the statutory phrase "by a special contract or by any other means," M.G.L. ch. 149 § 148, means employers may not violate the Act even if they obtain the "employee's assent." *Crocker v. Townsend Oil Co.*, 464 Mass. 1, 13 (2012).[3] This phrase does not change the scope of the Act itself. Employers may not, by any means, "deduct property damage from paychecks, or disburse wages less frequently than required by law," or

---

[3] "Any other means" is not a defined term, but it likely refers to situations like "company stores," where an employer requires an employee to make purchases from it for tools and uniforms, paying with one hand and taking wages back with another. *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 347 n.3 (1997) (Massachusetts Wage Act "outlaw[s] the 'company store' … which was prevalent" at the time of enactment).

DEFENDANTS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO CLASS CERTIFICATION - 3
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

otherwise withhold wages. *Salerno*, 2016 WL 513747, at *4 (citing *Camara*, 458 Mass. 941). Where an employer does not deduct its own costs from earned wages or otherwise withhold agreed-upon wages, the Wage Act does not apply.

The only Massachusetts appellate decision to address the Wage Act's application to expense reimbursement claims is *Fraelick v. PerkettPR, Inc.*, 83 Mass. App. Ct. 698 (2018), and it explained that "[i]n the ordinary course, the violation of a standard expense reimbursement arrangement would not constitute a violation of the Wage Act because *the reimbursement is not compensation 'earned' by 'labor, service or performance.'*" *Id.* at 706 (emphasis added). Plaintiff addresses *Fraelick* in a footnote (at 4 n.1), noting that *Martins v. 3PD Inc.* distinguished the decision, but it did so because *Martins* involved actual deductions—not a failure to reimburse. 2014 WL 1271761, at *7 (D. Mass. 2014). Plaintiff does not dispute *Fraelick*'s reasoning that a "reimbursement is not compensation 'earned.'" 83 Mass. App. Ct. at 706. In fact, the *Fraelick* court dismissed a claim for expenses, and the plaintiff did not even appeal. *Id.* at 699 n.2.

The SJC has made clear that the Wage Act does not create obligations by inference. *Tze-Kit Mui*, for example, "declined to expand the meaning of 'wages' under the act to other types of compensation not expressly mentioned in the statute." 478 Mass. at 712-13 (citing, *e.g.*, *Prozinski*, 59 Mass. App. Ct. at 603-05); *see Sterling Res.*, 2005 WL 3116758, at *13 (applying same logic to hold promised medical insurance reimbursements were not "wages earned"). Here, too, the Wage Act does not "mention[]" expense reimbursements. It simply requires paying earned wages.

None of Plaintiffs' cases can be read to create an obligation to reimburse all employee expenses. The *Camara* court noted the purpose of the Act is to "prevent the unreasonable detention of wages" and held simply that the "special contract" language in the Act meant certain deductions, whether assented to or not, are impermissible. 458 Mass. at 759-61 ("the affected employees have in fact received lower pay"). *Awuah* is telling for its complexity. On Plaintiff's theory, the SJC could have issued a very brief opinion stating that the Wage Act mandates expense reimbursement. Instead, the SJC went to great lengths to state that an employer cannot deduct its own insurance

DEFENDANTS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO CLASS CERTIFICATION - 4
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

costs from employee wages because the employer was "statutorily mandated" to pay for those costs and the "costs [we]re related to future damages that may never come to pass [and] may not be the responsibility of the employee." 460 Mass. at 487, 497. No such statutory mandates apply here.[4] Nothing in these cases requires expense reimbursements.

Plaintiff cites two other off-point cases. First, *Furtado* involved a "Letter Agreement" to pay the plaintiff a salary, a vehicle allowance, and "mileage reimbursement" for "all work-related travel" between work locations. 2020 WL 996849, at *1-2. The court concluded the employer's refusal to pay contractually agreed-upon expenses was a failure to pay an earned wage. *Id.* Nothing in *Furtado* suggests a universal right to expense reimbursement absent a contractual commitment to reimburse. And even if *Furtado* could be so read—which it cannot be—such a holding would be divorced from the Wage Act's text. It also would be inapplicable here, where the controlling contract states the fees paid to DPs cover both services and any related expenses. Dkt. 178 at 20.

Second, *Garcia v. Right at Home, Inc.*, 2016 WL 3144372, at *4 (Mass. Super. 2016), is a poorly reasoned trial court decision that misinterpreted precedent and misapplied an inapplicable regulation, 454 C.M.R. § 27.04(4)(d). *Garcia* cites *Fraelick* and *Camara* for the idea that expense reimbursement is required under the Wage Act, *id.* at *4, but that is clearly wrong. And the regulation *Garcia* relies on does not interpret the Wage Act (M.G.L. ch. 149) at all. It implements the "Minimum Fair Wages Act," a separate statute that governs payment of minimum wages (M.G.L. ch. 151), and its scope is expressly limited to that statute. 454 C.M.R. § 27.01 (explaining the regulatory section was meant to "clarify practices and policies in the administration and enforcement of the Minimum Fair Wages Act" and its "scope" was limited to "M.G.L. c. 151"). The regulation discussed in *Garcia* is simply inapplicable to the Wage Act.

---

[4] *Awuah* noted that certain deductions (for employee stock purchases, labor union dues, etc.) are expressly permitted by state law. 460 Mass. at 495-96 (quoting M.G.L. ch. 154 § 8). The Legislature used specificity in this area, yet never stated that expense reimbursements are covered. And the dicta footnote in *Awuah* that "[a]n employer's insurance costs, when borne by an employee, reduce wages" did not announce a rule that employers must reimburse all expenses, it simply reiterated that employers must pay their statutorily mandated costs. 460 Mass. at 497 n.22.

DEFENDANTS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO CLASS CERTIFICATION - 5
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### B. If The Court Has Any Doubt, It Should Certify This Question To The Massachusetts Supreme Judicial Court.

Should the Court determine that Massachusetts law is not sufficiently clear on this issue, Amazon respectfully requests that the following question be certified to the SJC:

> Does the Wage Act require putative employers to reimburse certain business expenses, including equipment and mileage costs, that putative employees incur as a necessary and direct consequence of performing their services?

This Court has discretion to certify questions to a state court where the state's certification rules are met. *See Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019). Under the SJC's rules, a court may certify "questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of [the SJC]." Mass. S.J.C. Rule 1:03. Both elements are satisfied. First, this question will determine whether Plaintiff can bring an expense claim at all. Second, as discussed above, there is no binding SJC authority on the issue. In fact, a Massachusetts district court previously certified a similar question, though the question was later mooted. *See Schwann v. FedEx Ground Package Sys., Inc.*, 2014 WL 496882, at *3 (D. Mass. 2014).

"[W]hen unsettled state-law questions present significant issues with important public policy ramifications, it may be appropriate to certify those questions to the state court as a matter of deference to the state court on significant state law matters." *N.Y. Life Ins. Co. v. Mitchell*, 2021 WL 5182356, at *2 (W.D. Wash. 2021). Whether the Wage Act provides a right to expense reimbursement will have far-reaching consequences for the many employers and employees in the state, and the question is likely to arise repeatedly.

### C. Any Expense Claim Would Require Individualized Inquiries.

Plaintiff suggests (at 4 n.1) that this legal question is justification for class certification. Not so. Even if a reimbursement claim is cognizable, liability depends on individualized inquiries, defeating certification. *Bowerman*, 60 F.4th at 469-70. As Amazon explained, each class member would have to prove he or she incurred expenses not adequately compensated by Service Fees, which no common evidence can show. Dkt. 178 at 20-23. The Court should deny certification.

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO CLASS CERTIFICATION - 6
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

Dated: November 12, 2024

*I certify that this memorandum does not exceed six pages, as set forth in the Court's October 15, 2024 Order*

Respectfully submitted,

By: *s/Andrew DeCarlow*
Andrew DeCarlow, WSBA #54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Ave., Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Fax: (206) 274-6401
Email: andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*Pro Hac Vice*)
James P. Walsh, Jr. (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Second Floor
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Fax: (609) 919-6701
Email: richard.rosenblatt@morganlewis.com
Email: james.walsh@morganlewis.com

Sarah Zenewicz (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1790
Fax: (415) 442-1001
Email: sara.zenewicz@morganlewis.com

*Attorneys for Defendants*

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO CLASS CERTIFICATION - 7
(Case No. 2:19-CV-01320-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I caused to be electronically filed the foregoing **DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO CLASS CERTIFICATION** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: *s/Andrew DeCarlow*
Andrew DeCarlow, WSBA #54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Ave., Suite 3000
Seattle, WA  98101
Telephone:  (206) 274-0154
Fax:  (206) 274-6401
Email: andrew.decarlow@morganlewis.com