The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WAITHAKA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:19-cv-01320-JCC<br><br>**PLAINTIFF'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>NOTE DATE:<br>November 19, 2024<br><br>ORAL ARGUMENT REQUESTED |

PL.'S SUPPLEMENTAL REPLY IN
SUPPORT OF MOT. FOR CLASS CERT.
Case No.. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Amazon claims that "no on-point cases" support Plaintiff's assertion that employers must reimburse employees' business expenses under the Massachusetts Wage Act, Mass. Gen. Laws Ann. ch. 149, § 148. (Dkt. No. 184 at 1). That is simply not correct. Consistent with the Wage Act's "broad remedial purpose," *Depianti v. Jan–Pro Franchising Int'l,* 990 N.E.2d 1054, 1067 (Mass. 2011), "the SJC has made clear that any attempt by an employer to shift the ordinary costs of doing business to its employees must be met with skepticism and carefully scrutinized." *Martins v. 3PD Inc.*, 2014 WL 1271761, at *5 (D. Mass. Mar. 27, 2014). On that basis, federal courts in Massachusetts have repeatedly recognized that the Wage Act bars employers from requiring employees to pay business expenses out of their own pockets.

In *DaSilva v. Border Transfer of MA, Inc.*, 377 F. Supp. 3d 74, 89 (D. Mass. 2019), which Amazon ignores, the court rejected any distinction between requiring employees to pay business expenses out of pocket and deducting those expenses from their wages:

> Defendants argue the class cannot recover these insurance premiums because they paid these expenses out of pocket, not as deductions from wages like the plaintiff in *Awuah*. Because the holding in *Awuah* aims to prevent an employer from shifting expenses onto an employee that it is or might be obliged to bear, . . . the fact that the class members paid premiums directly to an insurance company is not dispositive.

*Id.* (citing *Awuah v. Coverall N. Am., Inc.*, 952 N.E.2d 890, 898–99 (Mass. 2011)).

Similarly, in *Furtado v. Republic Parking Sys., LLC*, 2020 WL 996849, at *4 (D. Mass. Mar. 2, 2020), the employee alleged that his employer "unlawfully failed to reimburse him for travel expenses in violation of the Wage Act and 454 C.M.R. § 27.04(4) (2019)." Like Amazon, the employer argued "travel expenses are not recoverable" because they do not qualify as "wages" under the Wage Act. *Id.* The court rejected this narrow reading, holding that the employer's failure to reimburse the plaintiff for travel expenses violated the Wage Act because

PL.'S SUPPLEMENTAL REPLY IN
SUPPORT OF MOT. FOR CLASS CERT.                        1
Case No.. 2:19-cv-01320-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

"the statute bars wage reduction 'by any other means.'" *Id.*:

> Here, as alleged, Defendants required Furtado to travel many miles using his own vehicle while working on behalf of Republic Parking. . . . As a result of this travel, Furtado personally incurred expenses for which he has not been reimbursed yet, thereby reducing "by any other means" the wages that he received. . . . That is, incurring these expenses effectively "reduce[s] wages just as effectively as if the employer had ... [to pay travel expenses] and deducted funds from ... [Furtado's] wages."

*Id.* at *5 (quoting *Awuah*, 952 N.E.2d at 900 n.22).

Amazon attempts to distinguish *Furtado* by claiming that the court's ruling turned on the employer's "contractual commitment to reimburse" the employee. (Dkt. No. 184 at 5). But the "Letter Agreement" that Amazon refers to is completely absent from the court's analysis of the Wage Act. *See* 2020 WL 996849, at *3–5. Indeed, the court's analysis addressed "**Whether Travel Expenses are Recoverable**" under the header "*Travel Expenses Under the Wage Act*," not under the "Letter Agreement." *Id.* at *3 (emphasis in original).

A federal court has since reaffirmed *Furtado* in a case that involved no "contractual commitment to reimburse" business expenses, explaining:

> Requiring employees to front . . . expenses, including travel expenses, can constitute wage reductions under the Wage Act. . . . This is because the Wage Act bars wage reduction 'by any other means,' and a company requiring the plaintiff to 'travel many miles using his own vehicle while working on behalf of [the company] reduces his wages **'just as effectively as if the employer had ... deducted funds from [his] wages.'**

*Serebrennikov v. Proxet Grp. LLC*, 2024 WL 1375971, at *5 (D. Mass. Mar. 29, 2024) (emphasis in original).

Amazon claims that the Massachusetts Wage Act should be "narrowly interpreted". This fundamental misunderstanding ignores the repeated statements by Massachusetts' highest court about the breadth of the Wage Act. The SJC has repeated recognized it is a "broad remedial"

statute. *Depianti*, 990 N.E.2d at 1067. The Wage Act is "meant to protect employees from the dictates and whims of shrewd employers." *Id. See also DiFiore v. Am. Airlines, Inc.*, 910 N.E.2d 889 (Mass. 2009) (noting that the Wage Act prohibits "end runs" around the Act). In light of the Wage Act's "broad remedial purpose," the SJC has cautioned that "it would be an error to imply . . . a limitation where the statutory language does not require it." *Depianti*, 990 N.E.2d at 1067 (internal quotation omitted).

In seeking a narrow reading of the Wage Act, Amazon claims that the Act merely ensures that employees receive the minimum wage (after accounting for any business expenses they have incurred). (Dkt. No. 184 at 2). However, the Wage Act is a distinct statutory provision from the Massachusetts Minimum Wage Law, Mass. Gen. Laws Ann. ch. 151, § 1.

Under the Minimum Wage Law, there is no question that business expenses need to be taken into account when determining whether employees have suffered minimum wage violations. *Awuah v. Coverall N. Am., Inc.*, 740 F. Supp. 2d 240, 243 (D. Mass. 2010); 454 Mass. Code Regs. 27.05(1); *cf. Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1236 (11th Cir. 2002) (same principle under FLSA). But, as described here and in Plaintiff's prior briefing, the Wage Act, Mass. Gen. Laws Ann. ch. 149, § 148, provides additional protections – namely, not allowing employers to shift to employees the expenses of running a business, regardless of whether such expenses would bring the employees' wages to less than minimum wage.[1]

---

[1] In a similar way, the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A, prevents employers from retaining any portion of workers' tips, regardless of whether the withholding of tips would bring the workers' wages to less than minimum wage. *See DiFiore*, 910 N.E.2d at 893–95. This protection has been recognized to be stronger than federal law, which previously only protected workers' tips to the extent they brough the workers' wages to less than minimum wage. *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580–81 (9th Cir. 2010). *But see*

In its supplemental brief, Amazon argues that individualized issues prevent class certification of Plaintiff's expense reimbursement claim. There are no individualized issues on liability. Amazon does not even purport to reimburse drivers' expenses. Thus, Plaintiff contends that every Amazon Flex driver in Massachusetts has suffered this violation, and the only individualized issue will be in adding up their damages.[2] Amazon's contention that there will be individualized issues regarding which drivers have suffered an expense reimbursement violation is simply incorrect.[3]

Finally, as Plaintiff noted earlier, if there is any question as to whether or not the Massachusetts Wage Act provides for expense reimbursement, that question is common to the putative class and should not defeat class certification.

---

*Williams v. Sake Hibachi Sushi & Bar Inc.*, 574 F. Supp. 3d 395, 404 (N.D. Tex. 2021) (noting that FLSA has now been amended to prevent employer from retaining workers' tips, regardless of whether the net wages fall below minimum wage).

[2] Courts have regularly recognized that the IRS reimbursement rate can be used to determine drivers' mileage expenses, in cases involving misclassified delivery drivers who have not been reimbursed for vehicle expenses. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 311 F.R.D. 547, 566–67 (N.D. Cal. 2015), *rev'd on other grounds*, 904 F.3d 1087 (9th Cir. 2018); *Stuart v. Radioshack Corp.*, 2009 WL 281941, at *18 (N.D. Cal. Feb. 5, 2009); *Dalton v. Lee Publ'ns, Inc.*, 270 F.R.D. 555, 564 (S.D. Cal. 2010).

[3] Courts that have recognized expense reimbursement claims have required employers to specifically delineate payments that are for expense reimbursement and which are for wages. *See, e.g.*, *Gattuso v. Harte-Hanks Shoppers, Inc.*, 169 P.3d 889, 891, 900–01 (Cal. 2007) ("[I]t is essential that employees and officials charged with enforcing the labor laws be able to differentiate between wages and expense reimbursements."); *Espejo v. The Copley Press, Inc.*, 221 Cal. Rptr. 3d 1, 33 (Ct. App. 2017); *Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 885–86 (N.D. Cal. 2016). Thus, no individualized inquiry is needed, since Amazon does not delineate *any* payments to Flex drivers as expense reimbursement.

PL.'S SUPPLEMENTAL REPLY IN
SUPPORT OF MOT. FOR CLASS CERT.           4
Case No.. 2:19-cv-01320-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Dated: November 19, 2024

*I certify that this supplemental brief does not exceed four pages of argument.*

By: *s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
 (206) 682-6711
msubit@frankfreed.com

*Attorneys for Plaintiff*

PL.'S SUPPLEMENTAL REPLY IN
SUPPORT OF MOT. FOR CLASS CERT.
Case No.. 2:19-cv-01320-JCC

5

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116