The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

BERNARD WAITHAKA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AMAZON.COM INC. and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:19-cv-01320-JCC

**PLAINTIFF'S MOTION TO CERTIFY STATE LAW QUESTION TO THE MASSACHUSETTS SUPREME JUDICIAL COURT OR TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

**NOTE DATE: January 31, 2025**

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## I. INTRODUCTION

In its order denying class certification, the Court *sua sponte* dismissed Plaintiff Bernard Waithaka's claim for unpaid business expenses under the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148.[1] (Dkt. No. 186 at 10–11). Despite recognizing that the Wage Act prohibits "special contracts" that reduce wages earned by an employee, the Court interpreted the Act as allowing Amazon to reduce Plaintiff's wages by refusing to compensate him for "generic business expenses" he is required to incur in order to do his work. (*Id.* at 9–10). Because Massachusetts law is unclear on this issue, as recognized by the Court in its ruling, and because Massachusetts' highest court has not directly addressed this issue, the Court's decision on this point warrants appellate review. Notably, as Amazon itself pointed out (Dkt. No. 184 at 7), this very point was previously certified to the Massachusetts Supreme Judicial Court ("SJC") but then ultimately was not decided.[2]

Thus, Plaintiff respectfully requests that the Court certify to the Massachusetts Supreme Judicial Court the question of whether the Massachusetts Wage Act requires an employer to compensate employees for business expenses required in order for a worker to perform their job. *See* Mass. S.J.C. Rule 1:03 ("This court may answer questions of law certified to it by . . . a United States District Court"). Alternatively, the Court should certify its order under 28 U.S.C.

---

[1] Alleged in Count II of Plaintiff's Complaint. (Dkt. No. 1-1 at 9)

[2] *See Schwann v. FedEx Ground Package Sys., Inc.*, 2014 WL 496882, at *3 (D. Mass. 2014).

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC
1
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

§ 1292(b) so that the Ninth Circuit can review this controlling question of state law and decide whether to certify it to Massachusetts' high court.[3]

## II. BACKGROUND

Plaintiff is a delivery driver for Defendants' Amazon Flex program. (Dkt. No. 172-1 at 1). Plaintiff contends that Amazon misclassifies him and other Massachusetts-based delivery drivers as independent contractors, even though they are Amazon's employees under state law. (*See* Dkt. No. 1-1 at 1). This misclassification allows Amazon to unlawfully shift ordinary business costs—such as vehicle expenses, phone plans, and insurance premiums—onto its delivery drivers. (*Id.* at 4–5).

Plaintiff's complaint asserts three putative class claims under state law. (*Id.* at 4–5). Count I alleges that Amazon violated the Massachusetts Independent Contractor Law, Mass. Gen. Laws ch. 149, § 148B, by misclassifying its delivery drivers in Massachusetts as independent contractors. (*Id.* at 4). Count II alleges that Amazon violated the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, by forcing delivery drivers to incur business expenses necessary to perform their work. (*Id.* at 5). Count III alleges that Amazon violated the Massachusetts Minimum Wage Law, Mass. Gen. Laws ch. 151, §§ 1, 7, by failing to pay delivery drivers the state minimum wage.

Plaintiff first moved for class certification in May 2021 (Dkt. No. 97), but this case was stayed pending various appeals. (Dkt. Nos. 91 at 16, 153 at 3). The Court lifted the stay last

---

3 Plaintiff also intends to file a separate petition for permission to appeal pursuant to Federal Rule of Civil Procedure 23(f).

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC
2
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

year (Dkt. No. 166 at 1), and Plaintiff again moved for class certification under Federal Rule of Civil Procedure 23. (Dkt. No. 172 at 9). Defendants opposed certification, arguing that there is insufficient commonality between class members and that individual issues will predominate over common ones. (Dkt. No. 178 at 17–35).

Before deciding Plaintiff's renewed motion for class certification, the Court requested supplemental briefing "as to why the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 (2009), requires employers to pay employee business expenses, rather than forbids the unlawful wage deductions[.]" (Dkt. No. 182). In response, Amazon claimed that "no on-point cases" support Plaintiff's assertion that employers must reimburse employees' business expenses under the Massachusetts Wage Act, Mass. Gen. Laws Ann. ch. 149, § 148. (Dkt. No. 184 at 1). By contrast, Plaintiff's supplemental brief cited opinions in which the Massachusetts Supreme Judicial Court (SJC) held that employer policies shifting "the ordinary costs of doing business" onto employees violate the Wage Act. (Dkt. No. 183) (citing, among other cases, *Camara v. Att'y Gen.*, 941 N.E.2d 1118, 1123 n.11 (Mass. 2011), and *Awuah v. Coverall N. Am., Inc.*, 952 N.E.2d 890, 893 (Mass. 2011)).[4]

After receiving the parties' supplemental briefs (Dkt Nos. 183–85), this Court denied Plaintiff's renewed motion for class certification. (Dkt. 186). Besides denying class

---

[4] *See also DaSilva v. Border Transfer of MA, Inc.*, 377 F. Supp. 3d 74, 89 (D. Mass. 2019) (rejecting argument that plaintiffs cannot recover expenses because they were paid out of pocket, and not as deductions); *Furtado v. Republic Parking Sys., LLC*, 2020 WL 996849, at *4 (D. Mass. Mar. 2, 2020) (holding that an employer's failure to reimburse the plaintiff for travel expenses violated the Wage Act because the statute bars reducing wages by any means); *Serebrennikov v. Proxet Grp. LLC*, 2024 WL 1375971, at *5 (D. Mass. Mar. 29, 2024) (same but with no "contractual commitment to reimburse" business expenses).

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC
3
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

certification, the Court *sua sponte* dismissed Plaintiff's claim for unpaid business expenses under the Wage Act. (*Id. at 186* at 10–11). Despite acknowledging that "the Wage Act protects against . . . shifting some employer costs against public policy (like workers' compensation insurance)," this Court held that "it is not a violation of the Wage Act for an employer to refuse compensation for generic business expenses like those alleged here." (*Id.* at 10). The Court also noted that "there is no authority" on whether "business expenses constitute wages." (*Id.* at 8–9).

Because Massachusetts law is unclear on this issue, and it is a significant issue under state law that has not yet been addressed by Massachusetts' highest court, the Court should give the opportunity for the Massachusetts Supreme Judicial Court ("SJC") to decide this issue – either by certifying the issue directly to that Court, or certifying an immediate appeal under 28 U.S.C. § 1292(b), thus giving the Ninth Circuit the opportunity to address it or certify it to the Massachusetts Supreme Judicial Court.

## III. ARGUMENT

### A. The Court should certify to the SJC the question of whether the Wage Act requires an employer to compensate employees for business expenses incurred under an unlawful independent contractor agreement.

The SJC has the authority to "answer questions of law certified to it by . . . a Court of Appeals of the United States . . . or a United States District Court" if the question regards Massachusetts law and "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court." Mass. S.J.C. Rule 1:03. This authority to answer certified questions "may be invoked by an order of any of the courts referred to in Section 1 upon that court's own motion or upon the motion of any party to the cause." *Id.*

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC
4
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

"The decision whether to certify a question to [a state supreme court] rests in the discretion of the federal court." *Sharawe v. Indian Harbor Ins. Co.*, 614 F. Supp. 3d 892, 895 (W.D. Wash. 2022) (citing *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019); *see also Davalos v. Baywatch Inc.*, 707 F. Supp. 3d 26, 28 (D. Mass. 2023) (certifying question to SJC). In deciding whether to exercise such discretion, courts in the Ninth Circuit consider:

> (1) whether the question presents important public policy ramifications yet unresolved by the state court;
>
> (2) whether the issue is new, substantial, and of broad application;
>
> (3) the state court's caseload; and
>
> (4) the spirit of comity and federalism.

*Murray*, 924 F.3d at 1072 (internal quotation marks and citation omitted). Each factor supports certification here.

The SJC has not directly addressed whether the Massachusetts Wage Act requires an employer to compensate employees for business expenses they must incur in order to perform their work. That said, the SJC has decided that an employee misclassified as an independent contractor could recover franchise fees and workers' compensation insurance premiums "as 'damages incurred' under the enforcement section of the Wage Act." *Awuah*, 952 N.E.2d at 893, 899. Plaintiff believes that the thrust of that decision recognized that requiring (misclassified) employees to bear out-of-pocket expenses in order to perform their jobs constitute unlawful wage deductions, just the same as if the employer took them directly out of their paycheck (as the District of Massachusetts recognized, *e.g.*, *DaSilva*, 377 F. Supp. 3d at 89), Plaintiff recognizes from the Court's decision that that issue has not been made entirely

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION
OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC

5

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

clear by Massachusetts' highest court. As this is a critical (and recurring) issue, that court, the SJC, should have the opportunity to decide this extremely important state law question. That Court should be asked whether its reasoning in *Awuah* was limited to franchise fees and workers' compensation insurance premiums, as this Court believes, or applies to any business expense required for an employee to perform their work, as Plaintiff asserts. A decision on this substantial issue would have significant public policy ramifications, whatever the outcome. Thus, the first two *Murray* factors favor certification.

The third *Murray* factor—the state court's caseload—is immaterial because the SJC's authority to answer certified questions is discretionary. *See* Mass. S.J.C. Rule 1:03. If the SJC believes it is too busy to resolve this critical question of state law, it can simply decline to answer. And, regardless, the SJC's case statistics suggest that its caseload rarely fluctuates. *See, e.g.*, SJC Case Statistics FY 2022–FY 2023, https://www.mass.gov/info-details/supreme-judicial-court-case-statistics.

The last *Murray* factor also favors certification. Consistent with principles of comity, this Court "attempted to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir.1980). But rather than settle for an approximation, this Court should allow the SJC to resolve this significant question of Massachusetts law.

In fact, as noted above, a federal district court previously certified this same question to the SJC, recognizing that "the question of whether business expenses and deductions borne by employees are recoverable under the Wage Act is unsettled under state law." *Schwann v. FedEx Ground Package Sys., Inc.*, 2014 WL 496882, at *3 (D. Mass. Feb. 7, 2014). Not only did the

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC
6
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

SJC accept this question, it solicited amicus briefs on the issue. *See Schwann, et al., v. FedEx Ground Package Sys., Inc.*, No. JSC-11653.[5] Alas, the SJC never answered the certified question because of procedural developments in the *Schwann* case. *Id.*

This case presents the perfect opportunity for the SJC to finally address whether the Wage Act requires an employer to compensate employees for business expenses incurred in order for an employee to perform their job. This Court should thus certify this question to the SJC under Mass. S.J.C. Rule 1:03.

**B. In the alternative, the Court should instead certify its order for interlocutory review, allowing the Ninth Circuit to determine how to proceed**

Under Section 1292(b), a district court may certify a non-final order for interlocutory appeal if the order:

(1) "involves a controlling question of law";

(2) "as to which there is substantial ground for difference of opinion"; and

(3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"

28 U.S.C. § 1292(b). All three factors support interlocutory review here.

Whether the Wage Act requires an employer to compensate employees for business expenses incurred in performing their job is a controlling question of law. After answering this question in the negative, the Court *sua sponte* dismissed Plaintiff's claim for business expenses under the Wage Act. (Dkt. No. 186 at 10). The Court then denied Plaintiff's class certification

---

5 A copy of the certification order, SJC docket, and appellant's briefs are attached as Exhibits 1–4.

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC

7

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

motion, reasoning that Plaintiff's other claim for failure to pay minimum wages would require too many individual inquiries into how each delivery driver spent his or her time.[6]

There is also substantial ground for differing opinions on the Wage Act question. As the Ninth Circuit has repeatedly noted, "a substantial ground for difference of opinion exists where novel and difficult questions of first impression are presented," as is the case here. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (cleaned up). "[F]air-minded jurists" could reach "contradictory conclusions" about whether the Wage Act allows employers to shift ordinary business expenses onto employees by misclassifying them as independent contractors.[7] *Id.* Indeed, that is why the SJC solicited amicus briefs on this very issue. *See* Exhibit 1.

An immediate appeal on this issue would also materially advance the ultimate termination of the litigation. For certification, interlocutory appeal need not "have a final, dispositive effect on the litigation." *Reese*, 643 F.3d at 688. Rather, appellate review need only "materially advance the litigation," as would be the case here. *Id.* Reversal on appeal would restore Plaintiff's business expense claims and, potentially, his putative class claims. "That is sufficient to advance materially the litigation[.]" *Id.*

---

[6] Clearly, if business expenses are recoverable under the Massachusetts Wage Act, that issue will be a common issue that should be certified on a classwide basis, since every Amazon Flex driver is required to incur business expenses in order to do their work but are not reimbursed for those expenses by Amazon.

[7] In fact, this Court reached the opposition conclusion when it construed a similar statute in *Kalmanovitz v. Standen*, 2015 WL 9273611, at *5 (W.D. Wash. Dec. 21, 2015) ("Having reviewed the relevant case law, the intent of the legislature, and the facts of this case, the Court finds that allowable business expenses are to be paid 'by reason of employment' and are therefore 'wages' for purposes of the WRA."). The opinions cited in footnote four also conflict with this Court's decision.

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC
8
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

## IV. CONCLUSION

The SJC has previously had the important question of law presented here certified to it, and it agreed to decide this issue. However, since the SJC did not have the opportunity previously to decide the issue, this case now raises another opportunity for it to do so. The Court should thus certify to the SJC the question of whether the Massachusetts Wage Act requires an employer to reimburse employees for necessary business expenses incurred in order to perform their jobs. Alternatively, the Court should certify its order denying class certification and dismissing the Massachusetts Wage Act claim for interlocutory review, allowing the Ninth Circuit to review this issue and determine how to proceed.

Dated: January 10, 2024

*I certify that this opposition brief less than 4,200 words in compliance with the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*

Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

*Attorneys for Bernard Waithaka*

PL.'S. MOT. TO CERTIFY STATE LAW QUESTION OR TO CERTIFY ORDER UNDER 28 U.S.C. § 1292
Case No. 2:19-cv-01320-JCC

9

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116