THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNARD WAITHAKA, *et al.*,

           Plaintiffs,

   v.

AMAZON, INC., *et al.*,

           Defendants.

CASE NO. C19-1320-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to certify a question to the Supreme Judicial Court of Massachusetts or, in the alternative, to certify an order for interlocutory appeal (Dkt. No. 187). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

I.    **BACKGROUND**

Plaintiff previously moved to certify a class of similarly situated delivery drivers on three state employment claims. (*See generally* Dkt. No. 172.) The Court ordered and received supplemental briefing on the viability of one claim for business expenses under the Massachusetts Wage Act. (*See* Dkt. Nos. 182, 183, 184, 185.) The Court denied Plaintiff's motion for class certification and dismissed his Wage Act claim for failure to state a viable claim. (Dkt. No. 186 at 8–10, 20) (explaining that the Wage Act protects against deductions from wages, not agreements that require employees to pay certain business expenses). Now, after

receiving an adverse ruling, Plaintiff moves to certify the Wage Act issue to the Massachusetts Supreme Judicial Court.[1] (Dkt. No. 187 at 5–8.) In the alternative, Plaintiff requests that the Court certify its order to the Ninth Circuit for interlocutory review. (*Id*. at 8–9.)

## II.    DISCUSSION

### A.    Motion to Certify Question

Federal courts may certify a question of state law to the Massachusetts Supreme Judicial Court when the answer is determinative and it appears there is no controlling precedent. Mass. Sup. Jud. Ct. Rule 1:03(1). Certification to a state supreme court is within the Court's discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). Factors that the Court considers on a motion to certify include the novelty of the issue, comity between courts, and public policy ramifications. *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019). Particularly relevant here "is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). To overcome this presumption, a party that belatedly moves for certification must show "particularly compelling reasons why it should be allowed a second chance at victory." *All. for Prop. Rts. and Fiscal Resp. v. City of Idaho Falls*, 742 F.3d 1100, 1108 (9th Cir. 2013) (cleaned up).

Plaintiff asserts that the Court's dismissal of his Wage Act claim came in the absence of direct precedent from the Supreme Judicial Court. (Dkt. No. 187 at 6.) But Plaintiff now contradicts his motion for partial summary judgment because he did not move to certify the question when it first arose. (*See generally* Dkt. No. 172.) Instead, he argued that the case law supported his claim for business expenses under the Wage Act, (*id.* at 17 n.5), and said the same in supplemental briefing, (Dkt. No. 183 at 2–4). The Court thoroughly considered these

---

[1] Plaintiff asks the Court to certify the following question: "whether the Massachusetts Wage Act requires an employer to compensate employees for business expenses required in order for a worker to perform their job." (Dkt. No. 187 at 2.)

submissions and disagreed based on its reading of the relevant precedent. (*See* Dkt. No. 186 at 7–11.) In other words, the law was sufficiently clear and the question was not wholly novel. This is unsurprising when the Wage Act has been in place for well over a century.[2] *See Tze-Kit Mui v. Mass. Port Auth.*, 89 N.E.3d 460, 462 (Mass. 2018) (Wage Act originally enacted in 1879). Nor has Plaintiff identified an inconsistency that would require resolution by the Supreme Judicial Court. *Cf. Allen v. Dameron*, 2016 WL 4772484, slip op. at 2 (W.D. Wash. 2016) (finding inconsistency in Washington state law). This Court does not require a Supreme Judicial Court decision that is perfectly on point to reach a question of Massachusetts law, so long as there is "sufficient state law to enable this [C]ourt to make a decision on the issues." *Syngenta Seeds, Inc. v. County of Kauai*, 842 F.3d 669, 681 (9th Cir. 2016). In that case, "certification is inappropriate." *Id.*

Comity also cuts against certification to a state court when a federal court has already ruled because federal courts are "competent to apply federal *and* state law." *McKesson v. Doe*, 592 U.S. 1, 5 (2020) (emphasis added). This is especially true here due to other issues with class certification, *see infra* Part II(B), that make an answer on the Wage Act question less than determinative. (*See* Dkt. No. 186 at 18.) Finally, the Court notes that it already considered public policy when describing the relationship between the Massachusetts Wage Act and Minimum Wage Law in its prior order. (*See id.* at 6–7.) It explained that the two statutes are complementary and that the former is not the only protection for workers. (*Id.* at 10.)

Plaintiff only brought his motion to certify the question after receiving an adverse decision from the Court and has not overcome the presumption against such *post hoc* requests for certification. The Court does not find Plaintiff's arguments compelling. Therefore, Plaintiff's

---

[2] A different district court exercised its discretion to certify a similar question (and others) more than a decade ago. *Schwann v. FedEx Ground Package Sys., Inc.*, 2014 WL 496882, slip op. at 4 (D. Mass. 2014). But here, the Court had the benefit of subsequent precedent, and the posture of that case was distinguishable because the district court had not yet made a ruling on the question. *Id.* at 1. Additionally, the district court there sought guidance on a broader range of questions that covered both business expenses *and* deductions. *Id.* at 3–4.

motion to certify a question to the Massachusetts Supreme Judicial Court is DENIED.

### B.    Motion for Interlocutory Review

A district court also has discretion to certify an order for interlocutory appeal if (1) it involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals"). Interlocutory appeals are rare because they are "a departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). As the party moving for review, Plaintiff has the burden of showing that all three elements are met. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (overruled on other grounds). He has failed to do so for at least the third element.

In its order denying class certification, the Court found that the Wage Act claim suffered from predominance issues under Rule 23(b)(3). (Dkt. No. 187 at 18) (explaining the difficulty of establishing liability and damages across thousands of class members' phones and vehicles). Even assuming this claim should not have been dismissed, the result for Plaintiff's original motion would be the same. Plaintiff sought classwide resolution of his claims, including under the Wage Act, and did not prevail, in part, because individual issues predominated over common questions.[3] (*See* Dkt. No. 186 at 19.) The Court does not find an appeal of its order would advance this litigation. Therefore, because he fails to satisfy at least one statutory factor, Plaintiff's motion for interlocutory review is DENIED.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to either certify a question to the Supreme Judicial Court of Massachusetts or an order for interlocutory appeal (Dkt. No. 187) is DENIED.

//

---

[3] The Ninth Circuit also recently denied Plaintiff's Rule 23(f) petition. (*See* Dkt. No. 196 at 1.)

1    DATED this 6th day of March 2025.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE